(100 So. 574)

### STATE v. DE MARCO.   (6 Div. 441.)

(Court of Appeals of Alabama.    June 10, 1924.)

Infants ⬤10—Marriage during parole, of inmate of State Training School for Girls, held to remove her disability of minority and to entitle her to discharge.

Where petitioner, who was committed under Acts 1911, p. 395, to the State Training School for Girls (so designated by Acts 1915, p. 896, in lieu of former name under Acts 1911, p. 395), married while she was on parole and after she became 18 years of age, such marriage, in view of Code 1907, § 4499, immediately removed her disability of nonage within Laws 1911, p. 395, § 8, and entitled her to her discharge.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Habeas corpus proceeding by Elizabeth De Marco. From a judgment awarding the writ and discharging the petitioner, the State appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

T. J. Roe, of Birmingham, for appellee.

No brief reached the Reporter.

FOSTER, J.   This is an appeal by the state from an order of Hon. Roger Snyder, one of the judges of the Tenth judicial circuit, discharging the appellee upon her petition for writ of habeas corpus.

Elizabeth De Marco, before marriage, was Lizzie Johnson. On May 12, 1920, an order was entered by Hon. L. L. Herzberg, judge of probate of Etowah county, sitting as the juvenile court, committing Lizzie Johnson, a child under 16 years of age, to the State Training School for Girls, Mt. Pinson, Ala., subject to its rules and regulations. The petitioner while under parole married one John De Marco, and at the time of the hearing, October 31, 1923, was 20 years of age. The appellee filed her petition averring that she was confined in the Alabama Training School for Girls, under an order of the judge of the juvenile court of Etowah county that the petitioner, at that time Lizzie Johnson,

"be committed to said training school subject to its rules and regulations" during minority; that she is a married woman over the age of 18 years; that upon her marriage her disabilities of nonage were removed; and that she is unlawfully restrained of her liberty. The evidence is without conflict.

The "Alabama Home of Refuge" was established by act of the Legislature of Alabama approved April 13, 1911 (Acts 1911, p. 395). By act of the Legislature approved September 25, 1915 (Acts 1915, p. 896), the name of said institution was changed to the "State Training School for Girls." Section 8 of the Act of 911, supra, provides:

"That any female committed to said Home of Refuge under the provisions of section 7 of this act shall be kept therein until she arrives at the age of twenty-one years unless sooner dismissed therefrom by the order of the board of managers, or in pursuance of a rule or regulation of said home, or by the order of the Governor of the State."

Section 7 of said act provides for the manner of commitment and designates the persons who may be received in the home. The petitioner was properly and legally committed to the home, and must be kept there until she becomes 21 years of age, unless sooner dismissed in one of the ways specified in section 8 of the act, supra, or in some other way authorized by law. The question for determination here is whether the marriage of the petitioner after becoming 18 years of age relieves her of the disabilities of nonage and entitles her to her discharge from the home.

Section 4499 of the Code of 1907 is as follows:

"Married Women Minors Over Eighteen Relieved of Disabilities of Minority.—The marriage of any woman in this state who is under twenty-one and over eighteen years of age, or the arrival at the age of eighteen years of any married woman in this state, has the effect immediately to remove her disabilities of minority; and thereafter she has the same legal rights and abilities as married women over twenty-one years of age."

While on parole petitioner was subject to the rules and regulations of the school, she could have been required to return at any time. Although she married while on parole, having arrived at the age of 18 years, such marriage effected her emancipation immediately. She was no longer a "ward" of the state. She assumed to perform those household and domestic duties which a wife owes to her husband. The husband assumed the duty to support and protect his wife; to care for her "in sickness and in health."

The statute is clear; the meaning cannot be misunderstood. Marriage of a woman 18 years of age has "the effect immediately to

remove her disabilities of minority." A young woman 18 years of age may marry against the wishes of her father and mother to whose commands she is subject and whose advice she should take. But when she marries, although against the will of her parents, her disabilities of minority are immediately removed to the same extent as if she had the full consent of her parents. So the marriage of petitioner while on parole, although it may have been without the consent of the board of managers or the school authorities, had the effect to immediately remove her disabilities of minority. Thereupon the school authorities lost all control over her, and her detention is without authority of law.

The circuit judge properly granted the petition and discharged the petitioner.

Affirmed.