**REID v. STATE.  (6 Div. 638.)**

(Court of Appeals of Alabama. Nov. 11, 1924. Rehearing Denied Dec. 16, 1924.)

Reformatories ⬡⬡7 — Board of managers of State Training School for Girls entitled to control over inmate until becoming 21 years of age.

Petitioner, whose commitment, without order of court, under Act April 13, 1911 (Acts 1911, pp. 400, 401), §§ 11, 14, to State Training School for Girls, so designated by Act Sept. 25, 1915 (Acts 1915, p. 896), was lawful, was under exclusive control of board of managers of such school until she should become 21, though at time of application for discharge she was over 18, no criminal charge had ever been preferred against her, and she was educated and capable of sustaining herself.

Appeal from Circuit Court, Jefferson County; Roger W. Snyder, Judge.

Petition for habeas corpus by Gladys Irene Reid. From a judgment denying the writ, petitioner appeals. Affirmed.

---

Pinkney Scott, of Bessemer, for appellant.

A judicial decree is necessary to the retention of petitioner. Code 1923, §§ 3004–3006. Eighteen years is the limit at which girls may be committed to the Training School. Code 1923, §§ 3011, 3012. Not being delinquent, the petitioner was improperly committed and is entitled to be released. Code 1923, §§ 3004–3007; Bell v. State, ante, p. 101, 101 So. 68; Tilley v. Harrison, 91 Ala. 295, 8 So. 802; Stovall v. Johnson, 17 Ala. 14; Godfrey v. Hays, 6 Ala. 501, 41 Am. Dec. 58; 21 A. & E. Ency. Law (2d Ed.) 1039.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The petition shows that Gladys Irene Reid is over 18 years of age, and is unlawfully detained by the State Training School for Girls, that no criminal charge has ever been preferred against her; and that she is educated and capable of sustaining herself.

Petitioner was of unknown parentage, and when 8 months old was adopted by C. A. Reid and Myrtle Reid January 27, 1906, and lived with her foster parents until Mrs. Reid died, at which time petitioner was about 8 years old. On February 3, 1915, Mr. C. A. Reid delivered petitioner into the care of the State Training School for Girls, at the time certifying in writing that he found his adopted daughter (petitioner) was beyond his control, and, wishing to do what was for her good, he placed her "under the care and management of the State Training School for Girls, there to remain until in their judgment it is best for her to return to me or placed in some position where she can become self-supporting." Mr. Reid also agreed to furnish her shoes, stockings, and other things for her pleasure. She has remained in said school all the while. No order of court was rendered, and no hearing had by any court for her commitment.

The "Alabama Home of Refuge" was established by Act of the Legislature approved April 13, 1911 (Acts 1911, p. 395). By act of, the Legislature approved September 25, 1915 (Acts 1915, p. 896), the name of the institution was changed to the "State Training School for Girls." Section 11 of the Act of 1911, supra, provides that the board of managers may receive into the home of refuge any white female between the ages of 12 and 21 years placed in its care and keeping by her parent or parents, without the authority of any court, provided said females are delinquent, and may keep such females until they shall have arrived at the age of 21 years. Said section 11 provides further that no such female shall be received into the home until the parent shall have made provision for her maintenance, according to the regulations of the home, if the parent is able to make such provision.

Section 14 of the Act of 1911, supra, provides that from the time of the lawful reception of any female into the home said home shall have exclusive care, custody, and control of said female, under the rules prescribed by the board of managers, and that any commitment under this act whether by judge, court, or parent, or other person having in charge the female, shall be full, sufficient, and competent authority to the officers of the home for the detention and keeping therein of the female so committed. The commitment of petitioner to the home was in all respects lawful, and the board of managers of the home or school has exclusive control of her until she shall become 21 years of age. This case is to be distinguished from the De Marco Case (Ala. App.) 100 So. 574,[1] wherein the petitioner, while on parole, was married. It was held in that case that her marriage, after she became 18 years of age, in view of Code 1907, § 4499, immediately removed her disability of nonage, and entitled her to her discharge.

The judge trying this cause properly denied the petition.

Affirmed.

