## CHATWIN v. TERRY, Judge, et al.

No. 6706.  Decided December 11, 1944.  (153 P. 2d 941.)

See 39 C. J. S. Habeas Corpus, Sec. 41; (2) 50 Am. Jur. 367.

*Grover A. Giles,* Atty. Gen., and *Herbert F. Smart,* Asst. Atty. Gen., for appellants.

*J. H. McKnight,* of Salt Lake City, for respondent.

VAN COTT, District Judge.

This is an appeal from an order of the Fourth Judicial District Court releasing the respondent by writ of habeas corpus from the custody of the appellants.

The respondent, Dorothy Mae Wyler Chatwin, was adjudged a delinquent child by the Fourth Juvenile Court on the 8th day of August, 1941. Such adjudication was made after a petition alleging her delinquency was filed, and after notice of the alleged delinquency was served upon her parents and after a hearing held before the Honorable Dean E. Terry, Judge of said court. The order adjudging the respondent a delinquent child provided that the Juvenile Court should retain continuing jurisdiction over the respondent. At the time of said hearing the respondent was an unmarried minor female fifteen years of age.

On the night of the 8th day of August, 1941, the respondent left the city of Provo, Utah, and during the first part of October, 1941, accompanied by one William Chatwin, went to the city of Juarez, Mexico, and there married the said William Chatwin. The respondent's departure from Provo and her marriage to William Chatwin were made without the knowledge or consent of the Juvenile Court authorities.

During the first part of the month of December, 1943, the respondent was returning to the State of Utah. On the 13th day of December, 1943, a petition was filed in the Juvenile Court of the Fourth District asking for a rehearing of the case and a modification of the order of August 8, 1941. Summons and notification of said petition were duly served upon the parents of the respondent and upon her husband, the said William Chatwin. An order for the detention of the respondent was issued on the 13th day of December, 1943.

On January 4, 1944, the District Court of the Fourth Judicial District of the State of Utah, by the Honorable Abe W. Turner, District Judge, issued a writ of habeas corpus directed to the appellants. A return of said writ was made

by the appellant Juvenile Judge, in which the proceedings of August 4th and August 8th, 1941, were duly set forth, together with the proceedings under date of December 13, 1943. On the 6th day of January, 1944, the day before the hearing on the writ of habeas corpus, the respondent attained the age of 18 years.

The respondent in reply to the return to the writ of habeas corpus filed her traverse in which material allegations of the return were denied.

After hearing the evidence adduced at the hearing, the court on the 17th day of January, 1944, ordered the release of the respondent from the custody and control of the appellants.

The petition for habeas corpus, after alleging in paragraph 1 thereof that the respondent is being restrained of her liberty by the appellants herein, alleges in paragraph 2:

"That the pretended cause of the detention of said plaintiff as affiant is informed and believes is as follows: That on or about the 9th day of August the plaintiff was a ward of the Juvenile Court and that she ran away from the custody thereof, and from the jurisdiction of said court, and secreted herself until about the 10th day of December, 1943; that she was found at Short Creek, Arizona, living under an assumed name, and living with one Wm. Chatwin, with whom she had had numerous illicit relations, and had two children by him."

In paragraph 3 of said petition the respondent in justification and to show the illegality of the restraint alleges her prior and continuous marriage to Wm. Chatwin, and that she has reached her majority, and therefore not subject to the jurisdiction of the Juvenile Court.

The petition of the respondent and motion to quash, and motion to dismiss filed by the appellants, raises for the consideration of this court the following questions:

(1) The Juvenile Court having once acquired jurisdiction over the person of a female child under the age of 18 years, who has been found to be delinquent, and later marries,

does that jurisdiction continue until said child becomes 21 years of age?

(2) Is the Juvenile Court's jurisdiction exclusive and therefore does the District Court have jurisdiction to determine the question of her custody, and if the Juvenile Court errs is the remedy by appeal to the Supreme Court?

By Section 14-7-4, U. C. A. 1943, it is provided that:

"The juvenile court shall have exclusive original jurisdiction in all cases relating to the neglect, dependency of children who are under eighteen years of age, * * *." And by subsection (3) there it is expressly provided: "When jurisdiction shall have been acquired by the court in the case of any child, such child shall continue for the purposes of such case under the jurisdiction of the court until he becomes twenty-one years of age, unless discharged prior thereto or unless he is committed to the state industrial school or to the district court as hereinafter provided."

Subsection (3) clearly would answer question No. 1, and be conclusive thereof, were it not for the ambiguity in the statute by the use of the pronoun he. This ambiguity is explained and clarified by 88-2-12, U. C. A. 1943:

"In the construction of these statutes the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute." Subsection (7) thereof provides: "Words used in one gender comprehend the other."

That the pronoun he as used in subsection (3) of 14-7-4, U. C. A. 1943, includes the female gender and to hold otherwise would be inconsistent with the manifest intent of the legislature and repugnant to the context of the statute, we make the following observation:

Section 14-7-5, U. C. A. 1943, deals with the definition of the terms "delinquent child," "neglected child," "dependent child" as used in Sec. 14-7-4, U. C. A. 1943, and in each and all of these definitions the statute uses the male gender when referring to the child under consideration.

To hold that the term "he" as used in subsection (3) of Sec. 14-7-4, U. C. A. 1943, does not include females would exclude females from the terms of delinquent, neglected and dependent children as used in Sec. 14-7-4, U. C. A. 1943, conferring exclusive original jurisdiction to juvenile courts, and would creat the anomalous and ridiculous situation of the court having jurisdiction over male children only, an intention the Legislature surely did not contemplate. In construing statutes such as here it is the duty of this court to give meaning to each and to reconcile them in such a manner so as to carry out the reasonable and practical intention of the Legislature.

Construing these statutes in the manner we have and as we feel impelled to do, the result is that the Juvenile Court in this case had jurisdiction over the respondent until she became 21 years of age, and jurisdiction continued and the Juvenile Court was not divested ∎ of the same by reason of the marriage of this delinquent child to William Chatwin. This latter proposition was discussed by this court in the case of *Stoker* v. *Gowans,* 45 Utah 556, 147 P. 911, 912, Ann. Cas. 1916, 1025, wherein this court expressed itself in the following language:

"But, assuming that she did marry, as contended, yet there is nothing in the law governing juvenile delinquents which suspends its operation merely because a delinquent enters into the marriage relation."

That the Legislature may provide for the jurisdiction of a juvenile court to continue over a delinquent female until she attains the age of 21 years is well settled. *Stoker* v. *Gowans,* supra; and in said case, discussing the Juvenile Court action, the court states at page 560 of 54 Utah, at page 912 of 147 P., Ann. Cas. 1916E, 1025:

"Under our juvenile statute, as amended * * * the juvenile court has jurisdiction over all delinquent children under the age of 18 and its judgments and decrees operative until 'the child reaches the age of twenty-one years.' It is also provided by that act that: 'All orders, judgments, and decrees so made and entered by the court

shall be under its control, and may be modified, amended, or recalled at any time until the child reaches the age of twenty-one years.' The law, in almost every sentence, indicates that it was the intention of the lawmaking power to place the custody and control of juvenile delinquents entirely under the jurisdiction of the juvenile courts of this state until such time as they may be legally discharged by those courts, or by this court on appeal   *   *   *."

In *State ex rel. Foot* v. *District Court,* 77 Mont. 290, 250 P. 973, 49 A. L. R. 398, a similar question was before the Montana Court. In that case the Juvenile Court Act provided that a juvenile was a child under the age of 18 years, and under the law of Montana minors are declared to be males under the age of 21 years and females under the age of 18 years. The applicant was committed to the Vocational School for girls prior to the time she reached 18, and after attaining the age of 18 years she secured a writ of habeas corpus for her discharge in which two questions were presented:

"(1) Does the juvenile delinquency law apply to one who, though under age of 18 years of age, is married   *   *   *   (2) can a girl who has been legally committed to the institution in question be held therein after she [has reached] the age of eighteen years."

To both of these questions the court ruled in the affirmative. In discussing the latter question the court said:

"Whatever reasoning impelled the Legislature to fix the age of majority of females at 18 years, while that of males was fixed at 21, this was but the exercise of legislative discretion for the purpose of the act, and did not prevent a different classification for other purposes, and could not bind the Legislature, in the valid exercise of the police power of the state with regard to delinquents; that body was at liberty to entirely disregard its former arbitrary declaration, for another purpose, that a female reaches majority at the age of 18 years, and declare that a juvenile delinquent person for the purpose of protection and reformation of the individual and for the purpose of protecting society, should be committed until such person reached the age of 21 years, regardless of the sex of such person; it did so."

From an examination of the petition and admitting the allegations therein as true, it is affirmatively shown

that the respondent is a ward of the Juvenile Court and that she ran away from the custody thereof; that she is legally married and that she had reached her majority. It is clear from the former expressions of this court and the law above cited that her marriage and reaching her majority did not deprive the Juvenile Court of the jurisdiction the petition shows that it had. How then could the restraint of the respondent have been unlawful? We are of the opinion and so hold that the restraint was not unlawful, but that the petition affirmatively shows it to be to the contrary, and that the motion to quash should have been granted and the respondent remanded to the custody of the Juvenile Court. This is the only and ultimate result that could have been reached after a hearing on the writ of habeas corpus.

After the respondent rested her case the appellant Terry made a motion to dismiss the habeas corpus proceedings, as the return, as above mentioned, showed the Juvenile Court had jurisdiction, and continues to have jurisdiction, its jurisdiction being exclusive and original under the provisions of the statute. Counsel cited in support of his motion the case of *Jensen* v. *Sevy*, 103 Utah 220, 134 P. 2d 1081, 1089, and urged that the District Court did not have jurisdiction other than to dismiss the writ of habeas corpus and remand the matter to the Juvenile Court for its further consideration.

The Jensen case cited by counsel in his motion to dismiss involved a matter similar to the one here in question. In that case we said:

"The right to the writ of habeas corpus is in no way infringed by legislation giving the juvenile court exclusive jurisdiction in all cases relating to the delinquency or neglect of children. It is a sufficient answer to a writ of habeas corpus to show that a child is held pursuant to the terms of a valid order made after due notice and hearing by the juvenile court in a case in which the juvenile court had jurisdiction."

The appellant having made a showing on his return that he was holding the respondent pursuant to a valid order

theretofore entered after notice and a hearing, complied with the requirements laid down in the Jensen case, supra, the District Court should have granted appellant's motion to dismiss.

The judgment of the trial court is reversed with instructions to remand the child to the custody of the Juvenile Court.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.

TURNER, J., being disqualified, did not participate herein.