In the Matter of " JAMES DAWKINS ".*

Domestic Relations Court of the City of New York, Children's Court, New York County, November 28, 1947.

PANKEN, J. The facts in this proceeding present a unique and unusual situation. The child before the court is a " married man ".

The law confers exclusive jurisdiction on the Children's Court in all cases where children are involved except when the act committed, if committed by an adult, would be punishable by life imprisonment or death.

---

* Fictitious name used herein for the purpose of publication.

Subdivision 1 of section 61 of the Domestic Relations Court Act reads: " The children's court in each county shall have exclusive original jurisdiction within such county to hear and determine all cases or proceedings involving the hearing, trial, parole, probation, remand or commitment of children actually or apparently under the age of sixteen years, or who were under the age of sixteen years when the act or offense is alleged to have been committed * * * ".

The fact that the child herein under the age of sixteen years entered upon a marital relationship does not *ipso facto* take him out of the category of being a child as defined by law. A child under the age of sixteen continues to be a child in the eyes of the law. The Children's Court Division of the Domestic Relations Court of the City of New York continues jurisdiction with regard to a child under its jurisdiction until it reaches the age of twenty-one unless sooner discharged. And, until such discharge, the court has exclusive jurisdiction.

High purposes were intended in the first instance in creating the Children's Court. Many decades of public education were necessary to prepare the community for the creation of special courts for children. Decades passed before the public and the Legislature realized that children have been engaged in misconduct thoughtlessly rather than because of criminal intent. The purpose behind the establishment of the Children's Court of the State of New York as well as elsewhere was and still continues to be the protection of children against themselves, their rehabilitation where necessary, protection of the community against harmful acts by children and the protection of children against their own parents. The primary purpose always is the protection of the child. Most important is the rehabilitation of the child and the salvaging of child life in the community, so that those who constitute the cells in the social structure are healthy physically, spiritually, morally and mentally. The Children's Division of the Domestic Relations Court has attempted to and very generally vindicated the purposes for which it was created. It would seem that children are the wards of the court when they are neglected or delinquent. Delinquency in children stems in a large measure from the neglect to which they are subjected. When parents fail to do that which under reasonable conditions and circumstances should be done with relation to a child, and the failure to so do is harmful and deteriorative to the child, it constitutes neglect — neglect which might readily result in delinquent conduct. Where there are acts which are indecent, immoral or mayhap amoral —

and which acts may become abortive of decency — the court has the duty to protect the child not only against itself but against the parent and even the community. Always the child's interests and its development is paramount.

The child before me is fifteen years of age. Presently he is on probation. He had been found delinquent in this court, and the delinquency which brought him in the first instance to court and of which he was found to have been guilty is rather serious. He was in possession in violation of law of a deadly weapon commonly used by gangsters. The fact that this child added to his delinquent conduct by eloping from the State of New York to a foreign State and there represented himself to be more than the age required under the law of that State to entitle him to a license for the purpose of getting married indicates that this child is in need of rehabilitation, retraining or training to salvage him for the community. He had only been in the State of New York a few months when he became involved in misconduct, and then added to that misconduct as set forth. He is in need of reorientation and training.

When he was first taken into custody for possessing a dangerous weapon and possibly using it, he claimed at that time to have been eighteen years of age when, in fact, he was less than fifteen. He lied then. The court having criminal jurisdiction where he was arraigned referred him to the Children's Court. While on probation he engaged in added misconduct, serious in its character and in its implications. He truanted, he absconded, and committed perjury.

The problem with which the court is confronted is whether the fact as it had been urged that he is now a " married man " ousts the court of jurisdiction in law. He is still a child. The duties and obligations delegated to the court to protect this boy have not been dissolved by his misconduct. That is the law. Marriage does not as a matter of course emancipate. Under some conditions it does the opposite — it enslaves. It adds nothing to the age. It may add to responsibility but to bear responsibility one must be mature not only chronologically — that is physically, but intellectually and, moreover, socially. The law as enacted is good. Most persons continue to be children not only up to sixteen years af age but way beyond that.

This boy is still a child. The court had original exclusive jurisdiction when he was first taken into custody. It continues to have jurisdiction.

I am loath to commit children to training schools or institutions unless it is absolutely necessary. Training schools and

institutions tend to standardize. Our culture and our civilization is the result of individualization. Children can be taught best when it is on an individual basis — that is, teaching so that the instruction fits the child rather than compelling the child to fit the instruction. This child should be continued on probation but before so ordering, it is necessary that a complete physical study be made of him to ascertain his condition.

The court continues jurisdiction. It is my judgment that this boy should not be discharged until some years later after ascertaining that he has been reoriented and trained to live in the community as a good citizen.