F. A. T. R., peticionaria y recurrente, *v.* REGINA ROBLES; DIRECTORA DE LA ESCUELA INDUSTRIAL PARA NIÑAS ANA ROQUÉ DE DUPREY, demandada y recurrida.

*Número:* 45.  *Resuelto:* 16 de noviembre de 1961.

*Arturo Estrella, Procurador General Interino* y *Héctor R. Orlandi Gómez,* abogados de la recurrida; *Miguel Ramón Aguiló,* abogado de la peticionaria y recurrente.

Sala integrada por el Juez Presidente señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

La peticionaria F ... A ... T ... R ... nació el día 1 de septiembre de 1941.   Cuando apenas contaba catorce

años de edad contrajo matrimonio,[1] en 17 de octubre de 1955, el cual fue disuelto mediante sentencia de divorcio dictada en 6 de febrero de 1957.

En 19 de febrero de 1956 se presentó una querella contra dicha menor en el Tribunal Superior, Sala de Menores, en la cual se exponía que había incurrido en la siguiente falta: "no respetar a sus padres, frecuentar sitios de prostitución, alegando aquéllos [los padres de la menor] que tiene relaciones promiscuas con diferentes hombres; (h)ace dos meses que abandonó el hogar [de los padres] negándose a volver al mismo." En 17 de mayo siguiente se le declaró niña incorregible y se ordenó su ingreso "para lograr su rehabilitación, orientación y mejor bienestar" en la institución que determinare el Secretario de Salud. Permaneció en la Escuela Industrial de Niñas hasta el 20 de octubre del mismo año, fecha en que se le permitió regresar al hogar de sus padres.

En 6 de septiembre de 1957 se formuló una denuncia ante la Corte de Distrito contra la menor F..... A..... T..... R..... por infracción al artículo 368 del Código Penal—alteración a la paz pública. Se le dio traslado a la Sala de Menores, que en 24 de abril de 1958 la declaró incursa en la falta imputádale, y por tanto, niña delincuente, y ordenó

---

[1] El inciso 3 del artículo 70 del Código Civil (31 L.P.R.A. sec. 232) incluye las mujeres menores de dieciséis años entre las personas incapaces para contraer matrimonio. No obstante, se autoriza a contraerlo a la menor de edad de dieciséis y mayor de catorce años que haya sido seducida, previo el consentimiento de sus padres o tutor, y si éstos se negaren, con el de la Sala del Tribunal Superior del lugar de su residencia. De todas formas, un matrimonio celebrado por una mujer de dieciséis años, en tanto está sujeto a ratificación posterior bien por actos de los padres o por la ausencia de reclamación contra su validez por las personas que legalmente representen los menores, es meramente anulable y no nulo *ab initio*, *Fernández* v. *García*, 75 D.P.R. 472 (1953).

De los informes de trabajadoras sociales unidos al expediente original de la menor aparece que ésta fue seducida por un joven de 17 años, y que a insistencias del padre de ella se celebró el matrimonio. Vivieron juntos por algunas semanas y luego la peticionaria fue abandonada por lo cual regresó al hogar paterno.

nuevamente su ingreso en una institución apropiada. Se le recluyó en la Escuela Industrial de Niñas.

En agosto de 1958 se presentó una petición de hábeas corpus([1a]) en la cual se alega sustancialmente que la peticionaria se encuentra detenida ilegalmente ya que para la fecha en que el tribunal ordenó su reclusión estaba emancipada por matrimonio,([2]) y por tanto, la Sala de Menores no tenía jurisdicción. El recurso fue declarado sin lugar. Oportunamente expedimos un auto de revisión.

Como atinadamente señala el delegado del Procurador General, no es necesario que consideremos el efecto de la emancipación en cuanto a la adjudicación de niña incorregible,([3]) ya que actualmente la menor peticionaria se encuentra detenida en virtud de su declaración como niña *delincuente*, o sea por haber infringido la disposición penal mencionada.

Los tribunales americanos casi unánimemente han sostenido que el matrimonio contraído por un menor sujeto a la jurisdicción de cortes juveniles no impide el ejercicio de ésta. *State* v. *Cronin*, 56 So.2d 242 (La. 1951); *Ex parte Berchfield*, 212 P.2d 145 (Okla. 1949); *Killian* v. *Burnham*, 130

---

([1a]) Sobre la procedencia del recurso de hábeas corpus para determinar la legalidad de la detención de un menor que ha sido colocado bajo la supervisión del Estado, véanse, *McDaniel* v. *Shea*, 278 F.2d 460 (D.C. D.C. 1960); *Fritts* v. *Krugh*, 92 N.W.2d 604 (Mich. 1958); *Matter of the Application of Short*, 328 P.2d 299 (Nev. 1958).

([2]) Cuando el tribunal ordenó la detención de la menor por segunda vez, ya estaba divorciada. Cf. *Sucesión de Jesús* v. *Sucn. Castro*, 62 D.P.R. 580 (1943), en el cual dijimos que la disolución subsiguiente del matrimonio durante la minoridad del menor deja subsistente en su persona todos los *efectos civiles* de la emancipación.

([3]) De conformidad con el art. 2(b) de la Ley núm. 97 de 23 de junio de 1955 (Leyes, pág. 505) 34 L.P.R.A. sec. 2002, la Sala de Menores tiene autoridad para intervenir con cualquier niño "que se estime incorregible, cuyos padres, encargados o maestros no puedan controlarlos y constituyan una amenaza para su bienestar o el de la comunidad". Se arguye que como la emancipación por matrimonio pone fin a la patria potestad, el emancipado no está obligado a obedecer a sus padres, ni está sujeto al control de éstos, y que, por tanto, el carácter de incorregible no puede determinarse por desacatar la autoridad de éstos.

P.2d 538 (Okla. 1942); *Williams* v. *State*, 219 S.W.2d 509 (Texas 1949); *State ex rel Johnson* v. *Wiecking*, 274 N.W. 585 (Minn. 1937); y otros citados en la anotación *Marriage as affecting jurisdiction of juvenile court over delinquent or dependant*, 14 A.L.R.2d 336 (1950); Alexander, *The Law of Arrest*, 1949, vol. 2, § 861, pág. 2086. Contra: *State* v. *De Marco*, 100 So. 574 (Ala. 1924). Esta posición encuentra base y fundamento en el interés superior del bienestar y protección de los mejores intereses del propio menor, a través del *parens patriæ* del Estado. Se frustraría el propósito que encarnan estos estatutos que tratan de obtener un balance adecuado entre la protección del niño y el bienestar de la comunidad. Ciertamente, de adoptar la posición que sostiene la parte recurrente, meramente se lograría que en casos similares se considerara al niño como un adulto a los fines de su encausamiento criminal, y como tal se le procesara en los tribunales con jurisdicción criminal ordinaria. Ese resultado no responde a la intención legislativa según la hemos interpretado en repetidas ocasiones. *Pueblo* v. *Montalvo Acevedo*, 83 D.P.R. 727 (1961); *El Estado Libre Asociado de Puerto Rico, en interés del menor R . . . . M . . . . R . . . .*, 83 D.P.R. 242 (1961); *Mirabal* v. *Delgado*, 82 D.P.R. 591 (1961); Herman, *Scope and Purpose of Juvenile Court Jurisdiction*, 48 J. Crim. Law and Crim. 590 (1958); *Age and Related Jurisdictional Problems of the Juvenile Courts*, 36 Texas L. Rev. 323, 329 (1958); Nota, 22 Minn. L. Rev. 285 (1937). Específicamente se ha destacado como significativo que la ley reserva jurisdicción al tribunal juvenil hasta que el niño llegue a la mayoridad, evidenciandc así una intención legislativa de una continua función tutelar por parte del Estado, independientemente de cualquier cambio en el estado civil del menor, *Chatwin* v. *Terry*, 153 P.2d 941 (Utah 1944). A este respecto vale la pena recordar que el artículo 3 de la Ley núm. 97, supra, 34 L.P.R.A. sec. 2003, expresamente dispone que "El Tribunal conservará su

autoridad sobre todo niño sujeto a las disposiciones de esta ley hasta que cumpla la edad de 21 años", a menos, que medie una renuncia después de haber el menor cumplido dieciséis años, o cuando habiendo cumplido dieciocho años de edad y se encuentre bajo la supervisión del Tribunal cometiere una nueva infracción. Como se indica en *State* v. *Wiecking*, 274 N.W. 585 (Minn. 1937), nadie sostendría seriamente que la emancipación por matrimonio libera a un menor de edad de responsabilidad criminal, y por tanto, el procedimiento especial provisto en los tribunales juveniles que con el fin de beneficiar los menores no participa de naturaleza criminal, no puede quedar inhibido por el mismo hecho. Sostenemos, pues, que el criterio que debe considerarse para determinar la facultad del tribunal juvenil para intervenir con un menor es la edad de éste y no su estado civil.(⁴)

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 9 de septiembre de 1958.*

---

(⁴) En un rasgo de fino humor se dijo en *In re Dawkins*, 75 N.Y.S.2d 546, 549 (1947) que "El matrimonio como cuestión de hecho no emancipa. En ciertas circunstancias tiene el efecto contrario: esclaviza."