EL PUEBLO DE PUERTO RICO, en interés de la menor M. L. H.

*Número:* O-76-35 *Resuelto:* 28 de febrero de 1977

*Carlos I. Gorrins, Rafael M. Martínez Pérez, Frances Díaz Medina, Armando Cardona Acabá, Zoraida Guzmán de Bartolomé,* abogados de la apelante; *Miriam Naveira de Rodón, Procuradora General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo de Puerto Rico.

PER CURIAM: ¿Tiene el Tribunal Superior jurisdicción para someter al procedimiento de incorregibilidad a niños menores de edad que han sido emancipados por matrimonio?

La menor M. L. H. se casó en el mes de febrero de 1974 con un joven de apellido Ortiz. Fueron a vivir a casa de la madre de éste donde aparentemente estuvieron muy poco tiempo, pues apenas habían transcurrido dos meses, al iniciarse los procedimientos que son objeto de este recurso, M. L. H. ya separada de su esposo vivía en compañía de su propia madre Carmen Hernández. Esta última presentó una querella ante la Sala de Bayamón del Tribunal Superior, bajo el procedimiento provisto por la Sec. 2002 del Título 34 de las Leyes de Puerto Rico Anotadas, solicitando la declaración de incorregibilidad de la mencionada menor y en su consecuencia pedía al tribunal que determinara las medidas a tomar con respecto a la menor.

La madre de la referida menor alegó como fundamentos de su querella que la menor:

(1) no respeta ni obedece a sus padres, (2) abandonó la escuela, (3) anda en compañía de personas de dudosa reputación, (4) fuma, (5) hace uso de bebidas alcohólicas, (6) se ausenta de la casa de su madre por períodos que a veces llegan a varios días, y (7) en dos ocasiones ha tratado de envenenarse tomando pastillas soporíferas.

El Tribunal Superior celebró una vista en la que compareció la menor, pero no su esposo. El tribunal la declaró incursa en incorregibilidad y ordenó que quedara en libertad a prueba bajo la custodia de sus padres y la supervisión de un Oficial Probatorio Juvenil por un período indeterminado. Dicha resolución fue dictada en 30 de julio de 1974.

La menor M. L. H. insistió en proseguir su vida indisciplinada lo que obligó a la Oficial Probatorio Juvenil a solicitar del Tribunal Superior que expidiera una orden de detención contra M. L. H. por los siguientes fundamentos: (1) la menor se evade del hogar con frecuencia, (2) vivió consensualmente con un hombre que luego abandonó, y (3) se niega a recibir tratamiento siquiátrico. La menor contaba 16 años de edad. El tribunal de instancia (Juez José Aponte Pérez)

ordenó su detención e ingreso en el Hogar Juvenil hasta que se hiciere otra disposición. Estando la menor internada presentó un recurso ante el tribunal de instancia impugnando la jurisdicción del tribunal para someter al procedimiento de incorregibilidad a una menor emancipada por matrimonio. El tribunal a quo (Juez Edith Pardo) declaró sin lugar el planteamiento pero ordenó el egreso de la menor y la refirió a la custodia de su madre bajo la supervisión del tribunal. El esposo de ésta no aparece haberse interesado en los trámites aludidos.

Al acudir en reconsideración representada por Servicios Legales de Puerto Rico, el tribunal de instancia (Juez A. Bennazar Vicéns) reafirmó su facultad de intervención con la menor en razón a su edad y no a su estado civil amparado en el poder de "parens patriae" del Estado sobre los menores de edad. El tribunal ordenó que M. L. H. permaneciera "bajo la custodia de su señora madre y la supervisión directa del Tribunal por conducto de la Técnica de Relaciones de Familia a cargo de la menor."

No conforme con dicho dictamen la querellada recurre ante nos en apelación conforme al procedimiento dispuesto en la Sec. 2014 del Título 34 de las Leyes de Puerto Rico Anotadas. Véanse también: 34 L.P.R.A. Ap. I, R. 14; 32 L.P.R.A. Ap. II, Rs. 53.1(a), (b), (e); 53.2; 53.3; 53.5; 54.1–54.10; 54.11(a), 54.12, 54.13.

Alega la querellada como único error que el Tribunal Superior carece de jurisdicción bajo la vigente ley sobre procedimientos judiciales en relación con menores, 34 L.P.R.A. sec. 2001 *et seq.*, para procesar como incorregible a una menor emancipada por matrimonio, ni para someterla a las sanciones provistas en dicha legislación.

La referida ley confiere autoridad al Tribunal Superior sobre todo asunto relacionado con niños y define el concepto de "niño", en lo que es aquí pertinente, como "una persona menor de 18 años de edad", *Id.* Sec. 2001(c). El niño que la

ley intenta proteger y sobre el cual dicho Tribunal tiene autoridad es aquél:

"(a) Cuyos padres u otras personas legalmente responsables de su cuidado y mantenimiento, estando en condiciones de hacerlo, han dejado intencional o negligentemente de proveerle la atención, educación o protección que para su bienestar requiera la ley.

(b) que se estime(n) incorregible(s), cuyos padres, encargados o maestros no puedan controlarlo(s) y constituya(n) una amenaza para su bienestar o el de la comunidad." *Id.* Sec. 2002-1(a), (b).

El Tribunal Superior tiene también autoridad sobre "la custodia de cualquier niño" y para ingresar a un niño en una institución adecuada para su tratamiento. Dicho poder se extiende a "los padres o cualquier persona responsable del abandono de un niño o que hubiere contribuido a su abandono." *Id.* Sec. 2002-2, 3, 5.

Por otro lado, el Código Civil dispone que el menor que contrae matrimonio queda de "derecho emancipado por el matrimonio", 31 L.P.R.A. sec. 931. La emancipación tiene el efecto de habilitar al menor para regir su persona y bienes como si fuera mayor. 31 L.P.R.A. sec. 915. Pero ésta no es absoluta, sino relativa, ya que el menor, aun emancipado, véase *Matías* v. *Rafucci*, 34 D.P.R. 165 (1925), requiere el consentimiento del padre, en su defecto el de su madre, y, en su caso, el de su tutor en casos de: (1) enajenación de bienes inmuebles, (2) hipoteca de bienes inmuebles y (3) tomar dinero a préstamo. *Id.* Sec. 931.

En un caso como el de autos en que se ha determinado que el menor no puede regir su persona, ni pueden controlarla sus padres, y más aún ha sido abandonado por su cónyuge, nos preguntamos si debe intervenir el Estado con su autoridad de "parens patriae" para proveerle la protección que para su bienestar requiere la ley.

En *F.A.T.R.* v. *Directora Escuela Ind.*, 83 D.P.R. 838 (1961), una menor emancipada por matrimonio fue decla-

rada incursa por infracción al Art. 368 del Código Penal —alteración a la paz pública—y su ingreso a una institución apropiada fue ordenado por el Tribunal Superior. Alegó la menor, en recurso de hábeas corpus, que su detención era ilegal ya que por estar emancipada el tribunal no tenía jurisdicción para entender en el asunto. El Procurador General por otro lado alegó que habiendo sido detenida en virtud de su declaración como niña "delincuente", o sea, por haber infringido una disposición penal, no era necesario considerar el efecto de la emancipación en cuanto a la adjudicación de niña "incorregible" bajo la Sección 2002 del Título 34. Sostuvimos entonces que el criterio que debe considerarse para determinar la facultad del tribunal juvenil para intervenir con un menor es la edad de éste y no su estado civil. Esto especialmente si tomamos en consideración que el procedimiento especial provisto en los tribunales juveniles no participa de naturaleza criminal, ya que el fin perseguido es el bienestar del menor.

En el caso de autos no existe imputación de infracción a delitos penales. Se trata de una menor abandonada por su esposo que desacata la autoridad paternal. Su conducta la sitúa bajo los preceptos de la Sec. 2002 que confiere autoridad al Tribunal Superior para entender en asuntos relacionados con cualquier niño cuyos padres o encargados no puedan controlarlo y que constituya una amenaza para su propio bienestar o el de la comunidad, teniendo el tribunal la facultad bajo las mismas disposiciones de ley de ordenar su ingreso en una institución adecuada para su tratamiento.

La Exposición de Motivos de la Ley sobre Menores declara:

"El problema de la llamada delincuencia juvenil y de los niños desajustados y abandonados gravita sobre Puerto Rico y sobre los puertorriqueños con tara de graves responsabilidades. Exige tanto del Estado como de la ciudadanía que, conociendo sus verdaderas proporciones, se le busque y se le aplique el ade-

cuado remedio: por el Estado, poniendo en funcionamiento el mecanismo de su autoridad; y por la ciudadanía, poniendo en movimiento los resortes de su cooperación con el poder público. El problema de la niñez desajustada y abandonada es, fundamentalmente, uno de profilaxis social. Pero, aparte de los otros medios a que, en el orden de la profilaxis social, se acuda para afrontar ese problema y para procurarle solución, es necesario un mecanismo legal que habilite a la autoridad judicial para ejercer con relación a los niños abandonados y a los niños desajustados y con relación a sus padres o a las personas encargadas de su cuidado y mantenimiento, aquellas funciones inherentes a su condición de 'parens patriae' sin tener que considerar al niño como delincuente salvo en aquellos casos excepcionales en que el bienestar de la comunidad o del propio niño exija que se trate como adulto a un niño mayor de 16 y menor de 18 años.

El propósito de esta ley es proveer a los niños abandonados o desajustados, preferiblemente en sus hogares, la atención y orientación necesarias para su bienestar, en armonía con el interés público; mantener y fortalecer las relaciones de dichos niños con sus familiares; privar provisional o permanentemente a los padres de la custodia de un niño solamente cuando el bienestar de éste o el interés público lo justifiquen, y brindarle, en la medida que sea posible, la orientación y atención que debió recibir en su hogar." 1955 L.P.R. 505–07 (3ra. Sesión Ord.).

Es dentro del marco de preocupación del Estado, reflejado en la legislación de menores en relación con niños "desajustados" y/o "abandonados", que debemos interpretar las disposiciones de las Secs. 2001 (c) (definición de niño) y 2002 (b) (declaración de incorregibilidad) de la Ley de Menores.

El balance que persigue la Ley entre la protección del niño y el bienestar de la comunidad en las circunstancias de este caso nos persuade a reconocer que la función tutelar del Estado debe prevalecer sobre los efectos de la emancipación por matrimonio de un menor de edad. La inacción del Tribunal Superior ante la conducta demostrada por la menor envuelta en este caso, que no es otra cosa que el resultado de los males sociales que aquejan nuestra sociedad y que se reflejan en la desorientación, falta de disciplina e incapacidad de

algunos menores para enfrentarse a los problemas del diario vivir, dejarían a dicha menor en el mayor desamparo e iría contra el claro propósito legislativo de proteger a los menores desvalidos cuyos padres o encargados han perdido control sobre ellos. Debe sostenerse la declaración de incorregibilidad de M. L. H. y las providencias sobre custodia ordenadas por el Tribunal Superior.

*Se confirma la sentencia del Tribunal Superior, Sala de Asuntos de Menores de Bayamón, dictada el 19 de diciembre de 1975, en el caso de El Pueblo de Puerto Rico en interés del Menor M. L. H., expediente número J-74-423.*

El Juez Asociado Señor Díaz Cruz concurre en el resultado sin opinión.