[Civ. No. 218. First Appellate District.—July 24, 1906.]

## FREDERICK BERGEROW, Appellant, v. W. F. PARKER, Auditor, etc., Respondent.

PLEADINGS—UNVERIFIED ANSWER TO VERIFIED COMPLAINT—MOTION FOR JUDGMENT—AMENDMENT—DISCRETION OF COURT.—Where an unverified answer is filed to a verified complaint, a motion by the plaintiff for judgment on the pleadings is in the nature of a demurrer to the answer, and the court has discretion upon the hearing of the motion to permit the defendant to file an amended answer

properly verified. Whenever a defect in a pleading is pointed out, and the party filing the pleading satisfies the court of his ability to obviate it, the court should grant him leave therefor.

Office—Vacancy—Arrest and Detention upon Charge of Felony—Dismissal Without Conviction.—No vacancy in an office arises from the mere arrest and detention of the incumbent upon a charge of felony.

Id.—Confinement for More Than Three Months—Construction of Code—Cessation to Discharge Duties.—In order to create a vacancy in office by the "ceasing of the incumbent to discharge the duties of the office for the period of three consecutive months," as provided in section 996 of the Political Code, the cessation to discharge its duties for the designated period must be the voluntary act of the incumbent, and his confinement in jail while under arrest for more than that period does not create such vacancy.

Id.—Right to Salary.—Where no one was appointed to discharge the duties of the office during the period of confinement, and after the liberation of the officer he resumed and continued to perform its duties, he is entitled to receive the entire salary as an incident to his legal title to the office.

APPEAL from an order of the Superior Court of Santa Clara County, denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

B. A. Herrington, and George W. Waldorf, for Appellant.

James H. Campbell, for Respondent.

HARRISON, P. J.—The appellant was on June 30, 1900, a resident of the township of Alviso, in the county of Santa Clara, and eligible to the position of constable of that township, and was on said day regularly appointed by the board of supervisors of the county of Santa Clara constable of that township to fill a vacancy then and theretofore existing in said office, and on the same day qualified for said position by filing an approved bond and taking the oath of office as required by law, and entered upon the discharge of his duties as such constable. He was arrested July 15, 1900, upon a charge of murder, and was held and prosecuted upon said charge, and confined in the county jail at San Jose continuously from that date until July 26, 1902. On the last-named day, on motion of the district attorney of said county, the

said charge was dismissed by the superior court, and the appellant was released from confinement, and immediately returned to Alviso township, and continuously resided there and performed the duties of constable of said township until August 16, 1902, on which day he ceased to be a resident of the county. He never resigned his position or voluntarily ceased the performance of any of the duties of his office, nor did the board of supervisors of the county, or anybody with authority so to do, at any time between his appointment and August 16, 1902, declare said office vacant, or take any action therefor or for ousting him therefrom.

The defendant is the auditor of the county of Santa Clara, and prior to the commencement of this action the appellant demanded of him that he draw a warrant in his favor upon the treasurer of the county for his salary as such constable at the rate of $25 a month from April 1, 1901, to August 15, 1902, as provided by the county government act of 1901, amounting to $412.50. Upon the refusal of the defendant to comply with his demand he applied to the superior court of said county for a writ of mandate, commanding him so to do. The application was submitted to the court upon an agreed statement of the foregoing facts, and the court found therefrom that the appellant ceased to be qualified to fill and discharge the duties of said office on the fifteenth day of July, 1900, and that the office became vacant on October 15, 1900, and on that day the plaintiff ceased to be such constable, and was not such constable at any time between April 1, 1901, and August 15, 1902, and held that he "was not and is not entitled to any compensation whatever as constable of said Alviso township for any period subsequent to October 15, 1900." The appellant moved for a new trial, which was denied, and from this order the present appeal has been taken.

1. The complaint was verified, and the defendant filed an answer thereto without verifying the same. Thereafter the plaintiff, upon proper motion therefor, moved the court for judgment upon the pleadings as prayed for in his complaint, upon the ground that the answer on file constituted no defense to his cause of action. At the hearing of the motion the court denied the same, and granted the defendant leave to serve and file an amended answer, to which ruling the plaintiff excepted, and now assigns such ruling as error. The

defendant thereupon filed an amended answer properly verified, upon which the application was subsequently heard and judgment rendered in his favor.

A motion by the plaintiff for judgment upon the pleadings is in the nature of a demurrer to the answer (*Taylor* v. *Palmer,* 31 Cal. 240) ; and if upon the hearing of the motion it is made to appear to the court that the defect in the answer is owing to any oversight or misprision on the part of the defendant, or that the defect can be so remedied as to present an issue to be tried and determined, it is within its discretion to permit an amendment that will obviate such defect. (*Fitzgerald* v. *Neustadt,* 91 Cal. 600, [27 Pac. 636].) The discretion of the court is at all times properly exercised by allowing parties to so frame their pleadings that the controversy between them may be determined upon its merits; and the rule is equally applicable whether the objection arises by reason of the failure to verify a pleading, or in the mode in which the defense has been pleaded. Whenever such defect is pointed out, and the defendant satisfies the court of his ability to obviate it, the court should grant him leave therefor. (*Kelly* v. *Kreiss,* 68 Cal. 210, [9 Pac. 129] ; *Guidery* v. *Green,* 95 Cal. 630, [30 Pac. 786].)

2. The finding that the appellant ceased to be qualified to discharge the duties of his office on July 15, 1900, has no support in the facts upon which the cause was submitted. His arrest and confinement on that day upon a charge of felony did not of itself operate as a disqualification, and would not have the effect to create a vacancy in the office until his conviction upon such charge. As he was never tried upon the charge, and consequently never convicted of the felony, and the charge was subsequently dismissed by the court without any hearing thereon, it must be assumed for the purposes of this case that he was innocent of the offense for which he was arrested.

The ground upon which the respondent chiefly relies in support of the judgment is the finding of the court that ''the office became vacant and said plaintiff ceased to be such constable on the fifteenth day of October, 1900, and was not such constable at any time between the first day of April, 1901, and the fifteenth day of August, 1902.'' It is, however, one of the agreed facts that from the time of the dismissal of the charge against him June 26, 1902, until the sixteenth day of

August, 1902, he performed the duties of constable of that township. His performance of the duties of the office during this period of time, in the absence of any contrary showing, must be assumed to have been by virtue of his right thereto. Whether the duties of the office were performed by anyone in his behalf or at all during the period of his confinement in the county jail is not stated in the agreed facts, and is not found by the court; but it is stated therein that the board of supervisors did not at any time after his original appointment to the office take any action declaring said office vacant, or ousting the plaintiff from said office, and that the plaintiff never resigned his position or voluntarily ceased to perform any of the duties of the office. It may, therefore, be assumed that there was no other incumbent of the office during the period of his confinement. To the extent, therefore, that the court finds that the appellant was not constable during the period between his discharge June 26, 1902, and August 16, 1902, the finding is not sustained by the agreed statement of facts.

The finding of the court that "the office became vacant and the plaintiff ceased to be such constable on the fifteenth day of October, 1900," is based upon the provision of section 996 (7) of the Political Code, that an office becomes vacant by the "ceasing of the incumbent to discharge the duties of the office for the period of three consecutive months except when prevented by sickness, or when absent from the state by permission of the legislature"; and it is urged that inasmuch as the appellant was continuously held in confinement at San Jose for a period of more than three consecutive months from the date of his arrest, he of necessity ceased to discharge the duties of his office during that period, and therefore at the expiration of three months from his arrest his office *ipso facto* became vacant. We are of the opinion however, that this is not a proper construction to be given to this provision of the section, but that, in order to create a vacancy in the office, the cessation to discharge its duties for the designated period must be the voluntary act of the incumbent. The section provides for many of the contingencies upon which a vacancy will be created, and it will be noted that with the exception of the death of the incumbent each of these contingencies contemplates some proceeding against him, in which he will have an opportunity to controvert the ground on which the vacancy is claimed, or some

act initiated by himself and voluntarily carried into effect. It is in harmony with the other provisions of the section that, in order to create a vacancy in the office, the cessation to discharge its duties for the period of three consecutive months must have been voluntary on his part, and we hold that such construction must be given to the provision. The provision is to be likened to a case of nonuser or abandonment of the office which, in the absence of any statutory provision, would be a ground for declaring a forfeiture of the office. The period during which such abandonment or nonuser must continue is fixed by the code at three consecutive months, but as the term "abandonment" of itself implies a volition on the part of the incumbent against whom it is charged, such volition is essential to a cessation to discharge its duties before the penalty can be invoked. At common law a *willful* refusal to perform the duties of an office was required in order to work a forfeiture. (*People* v. *Hartwell*, 67 Cal. 11, [6 Pac. 873].)

The present case does not involve the right of the appellant to the office as was presented in *People* v. *Brite*, 55 Cal. 79, or the right of the board of supervisors to appoint another in his place, or of such appointee to discharge its duties, as was the case in *People* v. *Shorb*, 100 Cal. 537, [38 Am. St. Rep. 310, 35 Pac. 163], erroneously indexed and headlined as *People* v. *Flemming*. Where the office appears to be without any incumbent authorized to discharge its duties, the interest of the public in having it filled so that its duties can be discharged authorizes the proper power to appoint someone for that purpose; but, as was said in *People* v. *Shorb*, though it may make an appointment in such cases upon any evidence which is satisfactory to it, "the incumbent of the office is not thereby concluded as to the fact of the occurrence of such event. He may always have his day in court before it can be conclusively adjudged against him that the office was vacant at the time the appointment was made." In the present case the board of supervisors did not appoint anyone to discharge the duties of the office, and after the liberation of the defendant he discharged its duties.

The question herein involved is the right of the appellant to the salary which by law is attached to the office, and upon that question the rule is well established in this state that "the right to receive the salary is an incident which attaches

itself to the legal title to the office." (*Ward* v. *Marshall,* 96 Cal. 155, [31 Am. St. Rep. 198, 30 Pac. 1113], where many cases are cited in support thereof.)

In *Ward* v. *Marshall, supra,* the plaintiff was convicted of willful misconduct in office, and upon his appeal to the supreme court the judgment against him was reversed. Upon his conviction in the superior court the board of supervisors appointed another to the office, by whom its duties were discharged and to whom the salary was paid. It was held that, notwithstanding such appointment and payment, Ward was entitled to the salary accruing during the time that he was suspended from the performance of the duties of his office by the erroneous judgment of the superior court. If such be the right of an officer while his place is occupied by an appointee, much less can his right to the salary be disputed where no such appointment is made and he, upon returning from his absence, resumes the office and enters upon his functions without any objection. Ward's right to the salary was sustained upon the ground that "he was without fault on his part and against his consent released from the performance of the duties of the office for the period named." The agreed facts herein not only fail to show that there was any fault upon the part of the appellant, or that there was any voluntary cessation on his part in the discharge of the duties of his office, but instead thereof clearly show that he was *prevented* from their discharge during the period of his confinement by the direct act of those in whose behalf the defendant herein has presented the aforesaid defense, viz., the people of the state. We have no hesitation in declaring that such defense is not available against the claim of the appellant; that his title to the office was not impaired by any conduct on his part, and that he is entitled to the salary affixed thereto by law.

The order is reversed.

Cooper, J., and Hall, J., concurred.