[Civil No. 1732.  Filed November 28, 1919.]

[185 Pac. 357.]

# J. F. MILLER, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF MOHAVE, STATE OF ARIZONA, Respondent.

1. CERTIORARI—ORDER GRANTING NEW TRIAL NOT REVIEWABLE.—Since an appeal can be taken from an order granting a new trial, under Civil Code of 1913, paragraph 1227, *certiorari* should not issue to review such an order under paragraph 1495, even where trial court was without jurisdiction to grant the new trial.

2. CERTIORARI — PRESUMPTION THAT MOTION FOR NEW TRIAL WAS KEPT ALIVE.—Where motion for new trial was granted more than twenty days after entry of judgment, silent acquiescence of plaintiff in such an order and subsequent stipulations by plaintiff with adversary party that case be tried on a day certain would authorize the assumption in' the Supreme Court that the motion for a new trial was kept alive by stipulation or court order; motion for new trial having been made before the expiration of the twenty days.

3. CERTIORARI — PRESUMPTION AS TO WAIVER OF ERROR.—Silent acquiescence of plaintiff in an order, made more than twenty days after entry of judgment, granting defendant's motion for a new trial, and stipulation by plaintiff with adversary party setting a day certain for trial, would authorize the Supreme Court on appeal to assume that plaintiff was willing to waive, and did waive, error of court in granting such a motion after twenty days without time being extended.

4. PROHIBITION—NOT APPLICABLE WHERE APPEAL WILL LIE.—Prohibition may not be resorted to where there is a plain, speedy, and adequate remedy by appeal.

PETITION for Writ of Certiorari.  Original proceeding.  Writ quashed and case dismissed.

Mr. E. E. Armour and Mr. Louis B. Whitney, for Petitioner.

ROSS, J.—This is an original proceeding praying for a writ of *certiorari* to issue to the superior court

1. Questions reviewable upon *certiorari*, note, 40 **Am. St. Rep.** 30.

3. What proceedings are inconsistent with motion for new trial so as to waive right to move, note, Ann. Cas. 1914B, 612.

of Mohave county, Arizona, commanding the certification of the records and proceedings in cause, numbered in that court, 1589, wherein petitioner is the plaintiff and Anson H. Smith and Minnie E. Sawyer are the defendants; that the same may be reviewed by this court.

In the petition it is alleged that judgment was rendered in said cause in favor of plaintiff on August 16, 1918; that thereafter, on August 26, 1918, and within the time allowed by law, the defendants filed their motion for a new trial; that on October 29, 1918, the court entered an order granting the new trial; that under the law the court was without jurisdiction to grant the new trial, inasmuch as the motion was deemed denied within twenty days after the rendition of the judgment, "unless continued by order of the court or by stipulation," which was not done.

Upon the showing made in the petition, the writ was ordered to be issued, and, in response to the order in the writ, the judge of the said superior court caused the clerk thereof to certify to this court all proceedings and records in said cause (No. 1589). The judge also made a separate return, in which he suggests that the plaintiff in cause No. 1589 could have appealed from the order granting a new trial, and that therefore *certiorari* will not lie.

The point made by petitioner is that the motion for a new trial was by operation of law denied twenty days after August 16, 1918, the date of the rendition of judgment; no order of the court having been entered or stipulation made within the twenty days, continuing the hearing of the motion, and that the court in granting a new trial was without, or exceeded, its jurisdiction. As sustaining his position, we are cited to *Chenoweth* v. *Prewett,* 17 Ariz. 400, 153 Pac. 420, *Bigler* v. *Welker,* 16 Ariz. 44, 141 Pac. 124, and *Sawyer* v. *Huning,* 20 Ariz. 357, 181 Pac. 172.

These cases reached this court by appeals directly from the orders, rulings, or judgments complained of, and what was said in them might have force if the order complained of here was before us on appeal. We have, however, come to the conclusion that petitioner had the remedy of appeal from the order granting a new trial, paragraph 1227 of the Civil Code so providing; and, for that reason, the ordering of the issuance of the writ by this court was improvident and erroneous. Paragraph 1495, Civil Code, authorizes the issuance by the Supreme Court of the writ of *certiorari* to an inferior court or tribunal exercising judicial functions when it exceeds its powers, "and there is no appeal nor, in the judgment of the court, any plain, speedy and adequate remedy." The language of the statute seems to settle it that, where there is an appeal, *certiorari* cannot be invoked to secure a review of the action of a superior court. This is the view adopted by this court from an early date. *Territory* v. *Dunbar,* 1 Ariz. 510, 25 Pac. 473; *Reilly* v. *Tyng,* 1 Ariz. 510, 25 Pac. 798; *Territory* v. *Doan,* 7 Ariz. 89, 60 Pac. 893. In the last case it was said, speaking of the writ of *certiorari:*

"It will not be permitted to take the place of an appeal or writ of error, even to correct judgments or other proceedings of a court in excess of jurisdiction. Our statute is framed with this idea of the province of the writ, and provides that it may issue when there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

See, also, *Stoddard* v. *Superior Court,* 108 Cal. 303, 41 Pac. 278; *Valentine* v. *Police Court,* 141 Cal. 615, 75 Pac. 336.

In the return made by the judge of said court, it also appears that he is the successor of the judge who made the order granting the new trial, and that on January 6, 1919, the date of his induction, "cause

No. 1589 stood on the docket for trial by stipulation on the part of the plaintiff and defendants, for March 17, 1919.'' An examination of the record, minute entries, and files discloses that plaintiff knew a motion for new trial was pending and being considered by the court, and had notice it would be formally argued by mover on October 14, 1918, and did not object to the court's jurisdiction on the ground that the motion had already been denied by operation of law, or for any other reason.

Now, if this case were here on appeal, the silent acquiescence of plaintiff in the order granting a new trial, and thereafter stipulating with adversary party in said case a day certain for trial, under the reasoning in *Sawyer* v. *Huning, supra,* would authorize the assumption on our part that the motion for a new trial was kept alive by stipulation or court order, and, if not, that petitioner was willing to waive, and did waive, any error of procedure in that regard.

We are asked by petitioner, in case we find he is not entitled to the writ of *certiorari*, that we consider his petition for a writ of prohibition. In this case the reasons that *certiorari* will not lie are equally applicable to prohibition; it being the settled law that prohibition may not be resorted to if a party has a plain, speedy, and adequate remedy by appeal. *Valentine* v. *Police Court, supra.*

The order will be that the writ be quashed and the case dismissed.

CUNNINGHAM, C. J., and BAKER, J., concur.