464 P.2d 647

Clark H. JOHNSON, Petitioner,

v.

John P. COLLINS, Judge of the Superior Court of the State of Arizona in and for the County of Pima, Thomas Jay, Dennis Weaver and James Murphy, constituting and as members of the Pima County Board of Supervisors and Donald L. Frank, Respondents.

No. 2 CA–CIV 789.

Court of Appeals of Arizona.

Division 2.

Jan. 28, 1970.

Merchant, Lohse & Bloom, by Ashby I. Lohse, Tucson, for petitioner.

Robert N. Hillock, Tucson, for Thomas Jay, Dennis Weaver and James Murphy.

Bernard Weinstein, Tuscon, for Donald L. Frank.

Raymond F. Hayes and John G. Stompoly, Tucson, for amicus curiae Tucson City Bar Ass'n.

HATHAWAY, Judge.

We have issued a writ of certiorari to review a ruling of the respondent court declaring a vacancy in the office of Justice of the Peace, Precinct #2, Pima County, Arizona, which the petitioner had occupied. The petitioner is now deceased, having expired since the proceedings were instituted in this court. There being a question of salary remaining, the matter has not become moot through petitioner's death.

Although the subject order is appealable under A.R.S. § 12–2101, as amended, we believe the circumstances of this case justify departure from the general rule that certiorari will not lie where there is an appeal. (For other departures from this rule, see e. g., Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968); State ex rel. Corbin v. Superior Court, 100 Ariz. 236, 413 P.2d 264 (1966), modified on rehearing, 100 Ariz. 362, 414 P.2d 738; and Carpenter v. Superior Court, 101 Ariz. 565, 422 P.2d 129 (1966).

The procedural chronology in the trial court is as follows. Respondent Frank, a resident taxpayer and elector of Pima County, Arizona, filed a complaint in superior court alleging inter alia: that petitioner Johnson was the duly elected, allegedly qualified and acting Justice of the Peace of Precinct No. 2, Pima County; that he had been "physically, medically and emotionally incapable and absent so that he has been disabled and therefor unable to preside and act as the Justice of the Peace * * * since February 14, 1969, * * *."; that since February 14, 1969, he had been receiving his full salary and that the Pima

County Board of Supervisors had been required to expend a sum in excess of $3,000 to compensate visiting Justices of the Peace who were requested to fulfill his functions "during his illness and absence"; that unless the court entered an order declaring the office to be vacated, taxpayers' money would continue to be needlessly expended and wasted; and that the petitioner was not qualified or capable of holding his office.

The prayer for relief requested an order enjoining the Board of Supervisors from paying any further salary to the petitioner, that he be removed from the office of Justice of the Peace and that said office be declared vacated, and that the court issue an order to show cause why such relief should not be granted. It further requested that the petitioner be required to present and produce certain medical proof "showing the nature of his illness which has prevented him from fulfilling his duties * * *." The respondent judge, in accordance with the prayer, issued an order to show cause.

A responsive pleading was filed by the petitioner, denominated "Motion and Answer", which moved to dismiss the complaint for failure to state a claim for relief and moved to dismiss and quash the order to show cause. Simultaneously therewith, a motion for summary judgment was filed on behalf of the petitioner. The substance of both the motion to dismiss and the motion for summary judgment was that none of the conditions creating a vacancy, as enumerated in A.R.S. § 38–291, had occurred. By stipulation of the parties, the complaint was amended to include the following allegations:

"That the alleged illness and disability on the part of the defendant, Clark H. Johnson, has been self-induced and is believed to be chronic alcoholism.

That the defendant Clark H. Johnson, has by his conduct and actions abandoned the office of Justice of the Peace of Precinct No. 2, Pima County, Arizona, for all intents and purposes.

That the defendant, Clark H. Johnson, has been guilty of neglect of his duties as Justice of the Peace of Precinct No. 2, Pima County, Arizona, so that the court in its discretion should remove him from said office."

The hearing which resulted in the order under review was for purposes of ruling on the motion to dismiss the complaint and quash the order to show cause At the start of the hearing, plaintiff's counsel informed the court that he was of the opinion that if the motion were denied, the entire matter might be disposed of if "we can get Judge Johnson here to answer some questions." Legal argument was presented by all parties. The trial court concluded that the only question to be resolved was a legal one, namely the meaning of A.R.S. § 38–291, subsec. 7.[1] In other words, accepting as an established fact petitioner's illness and absence from office from February 14, 1969 to the date of the hearing, October 3, 1969, did a vacancy exist under this statutory provision?

The trial court's memorandum opinion and order [2] sets forth the following "findings":

"* * * pursuant to A.R.S. 38–291, subparagraph 7, that by reason of the failure of defendant to discharge the duties of his office for a period of three consecutive months, commencing February 14, 1969, and ending May 15, 1969, the office held by defendant, to wit: Justice of the Peace, Precinct No. 2,

1. Summary judgment in favor of the non-movant has been approved in this jurisdiction. See e. g., Markel v. Transamerica Title Insurance Co., 103 Ariz. 353, 442 P.2d 97 (1968); Trimmer v. Ludtke, 105 Ariz. 260, 462 P.2d 809, (filed 12/22/69).

2. The order additionally enjoined the Pima County Board of Supervisors from paying any further salary to the petitioner with the exception of one further payment for the period ending October 2, 1969 if the Board determined it to be due and owing.

Pima County, Arizona, to be deemed vacant as of May 16, 1969, unless defendant could bring himself within purview of the sickness exception set out in said subparagraph 7.

"* * * that for the purposes of this hearing the court will assume the allegation of sickness contained in defendant's answer brought defendant within purview of said subparagraph 7, but that the grace or immunity thus gained by defendant nevertheless expired 'within a reasonable time' following May 16, 1969, and although such reasonable time most likely should be deemed to have expired on or before the running of a second consecutive ninety day period, to wit: ending on August 13, 1969, then most certainly it had finally run on or before the date of this hearing, to wit: October 3, 1969, and, therefore,

: * * * that sometime between May 16, 1969 and the date of this hearing (October 3, 1969) a vacancy in the said office was created, and THE COURT MAKES FINDING that as of today, to wit: October 3, 1969, a vacancy in said office is deemed to be created, * * *."

The sole question presented is whether the trial court erred in its construction of A.R.S. § 38–291 which provides in pertinent part:

"An office shall be deemed vacant from and after the occurrence of any of the following events before the expiration of a term of office:

* * * * * *

7. Ceasing to discharge the duties of office for the period of three consecutive months, except when prevented by sickness * * *."

■■ There being no inhibition in the Arizona Constitution as to this vacancy-producing cause, it is invulnerable to constitutional attack. State ex rel. DeConcini v. Sullivan, 66 Ariz. 348, 188 P.2d 592 (1948); 67 C.J.S. Officers § 50(c). Under A.R.S. § 38–291(7), a vacancy automatically results when the incumbent fails to discharge his duties for a period of three consecutive months, except when prevented by sickness or permissive absence from the state, and no judicial declaration or adjudication that a vacancy has occurred is necessary. McCluskey v. Hunter, 33 Ariz. 513, 266 P. 18 (1928).

■ A.R.S. § 38–291 was adopted from California. See Historical Note, 12 A.R.S. page 129. We, therefore, deem it appropriate to consider the construction given to this statute by the California courts. In re Lynch's Estate, 92 Ariz. 354, 377 P.2d 199 (1962). In the case of Bergerow v. Parker, 4 Cal.App. 169, 87 P. 248 (1906), a constable was confined in the county jail for a period of two years, and the charge was dismissed. He was released from confinement and immediately resumed performance of the duties of his office. In mandamus proceedings instituted by him to compel payment of his salary for the period of his confinement, the trial court held that the office had become vacant on a date three months after his incarceration and therefore he was not entitled to compensation after said date. On appeal, the trial court was reversed. The appellate court stated:

"The finding of the court that 'the office became vacant and the plaintiff ceased to be such constable on the 15th day of October, 1900' is based upon the provision of Section 996(7) of the Political Code, that an office becomes vacant by the 'ceasing of the incumbent to discharge the duties of the office for the period of three consecutive months except when prevented by sickness, or when absent from the state by permission of the Legislature'; and it is urged that inasmuch as the appellant was continuously held in confinement at San Jose for a period of more than three consecutive months from the date of his arrest, he of necessity ceased to discharge the duties of his office during that period, and therefore at the expiration of three months from his arrest, his office ipso facto became vacant. We

are of the opinion, however, that this is not a proper construction to be given to this provision of the section, but that, in order to create a vacancy in the office, the cessation to discharge its duties for the designated period must be the voluntary act of the incumbent. The section provides for many of the contingencies upon which a vacancy will be created, and it will be noted that with the exception of the death of the incumbent each of these contingencies contemplate some proceeding against him, in which he will have an opportunity to controvert the ground on which the vacancy is claimed, or some act initiated by himself and voluntarily carried into effect. It is in harmony with the other provisions of the section that, in order to create a vacancy in the office, the cessation to discharge its duties for the period of three consecutive months must have been voluntary on his part, and we hold that such construction must be given to the provision. The provision is to be likened to a case of nonuser or abandonment of the office which, in the absence of any statutory provision, would be a ground for declaring a forfeiture of the office. The period during which such abandonment or nonuser must continue is fixed by the Code at three consecutive months, but as the term 'abandonment' of itself implies a volition on the part of the incumbent against whom it is charged, such volition is essential to a cessation to discharge its duties before the penalty can be invoked. At common law a willful refusal to perform the duties of an office was required in order to work a forfeiture." (citation omitted) 87 P. at 249–250.

See also McEvers v. Boyle, 25 Cal.App. 476, 144 P. 308 (1914).

 As a general rule, there is a strong presumption against a legislative intent to create a condition which may result in vacancy. State ex rel. Rogers v. John-

son, 135 Wash. 109, 237 P. 12 (1925); Commonwealth ex rel. Buckman v. Miller, Ky., 272 S.W.2d 468 (1954). It is clear from a reading of A.R.S. § 38–291 in its entirety that, apart from those vacancy-creating provisions which are predicated upon death or a prior judicial determination, the remaining vacancy-creating conditions are those which involve *voluntary* conduct on the part of the office holder. When the intention of the legislature is manifested by the statute itself, courts cannot read into the statute something which departs from this manifest intent. State ex rel. Smith v. Bohannan, 101 Ariz. 520, 421 P.2d 877 (1966), appeal dismissed 389 U.S. 1, 88 S. Ct. 55, 19 L.Ed.2d 1; City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91 (1965).

 Solely for the purpose of construing the subject statute it was conceded by all parties to the proceedings below that the cessation of the incumbent's discharge of his duties was occasioned by illness. No factual inquiry into the nature of the illness, i. e., whether it was self-inflicted or otherwise, was launched. Under these circumstances, we find no distinction between "illness" and the "involuntary confinement" which prevented the constable from performing his duties in *Bergerow*, supra.

Under the very limited posture of this case, we are constrained to hold that the trial court erred in declaring a vacancy in the subject office, since "illness", with no statutory limitation on the length thereof, renders inoperable the vacancy-creating condition. However, as the amended complaint filed below contains allegations pertaining to "voluntary conduct" on the part of the officer, an adjudication thereof is required. Therefore, the trial court's order is hereby vacated and the cause remanded for further proceedings.

HOWARD, C. J., and KRUCKER, J., concur.