608 P.2d 804

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–86843.**

**No. 1 CA–JUV 110.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 18, 1980.

Charles F. Hyder, County Atty. by Laura J. Houseworth, Deputy County Atty., Phoenix, for State.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for juvenile.

## OPINION

WREN, Judge.

Again this Court is faced with the contention that commitment of a juvenile to the Department of Corrections for a potentially longer period of time than an adult committing the same crime could be imprisoned is a denial of equal protection of the law, under the theory espoused in *People v. Olivas*, 17 Cal.3d 236, 131 Cal.Rptr. 55, 551 P.2d 375 (1976).

█ The question has now been answered by the Arizona Supreme Court *In the Matter of the Appeal in Maricopa County Juvenile No. J–86509*, 124 Ariz. 377, 604 P.2d 641 (1979) vacating 124 Ariz. 380, 604 P.2d 644 (App.1979). In its opinion, the state High Court, as had the Court of Appeals, expressly rejected the juvenile's contention that sentencing disparity between adult and juvenile courts violated equal protection guarantees, and specifically ruled that a juvenile could suffer a loss of liberty for a longer period than an adult imprisoned for conviction of the same offense. However, the Supreme Court went on to strike down A.R.S. § 8–246 providing for retention of jurisdiction and power by the Department of Corrections and juvenile court beyond age 18 as unconstitutional.[1]

In the case now before us the crime is a class 6 felony (theft of a motor vehicle valued less than $100.00) for which the maximum sentence is 1.875 years, and the juvenile, 16 years of age, faces a possible commitment of over four years; more than twice the period of time an adult could receive. We are asked by the juvenile appellant to direct that the commitment order of the juvenile court be terminated upon a date not in excess of 1.875 years.

Since the issue has been disposed of by the Arizona Supreme Court, there is little to say in disposing of this case. Nevertheless we feel quite strongly that we are reaching a point where overzealous applications of equal protection principles threaten to frustrate the special purposes of juvenile court law and we would like to vent our thoughts.

The Supreme Court has determined that Article 6, § 15[2] fails to afford any special protection to persons eighteen years of age or older, and that, absent special constitutional protection, there is no legal justification for extending the juvenile court's jurisdiction (special protection) to persons between the ages of 18 and 21 because there is no legitimate reason for classifying adults between those ages any differently than adults 21 years of age or older.

In doing so, the Arizona Supreme Court has blazed a new trail that all other jurisdictions considering a similar question have refused to follow.[3] The real problem, as

---

1. "Although A.R.S. § 8–201(3) recognizes that an adult is a person eighteen years of age or over, A.R.S. § 8–246 seeks to continue the power of the juvenile court and the Department of Corrections over an individual beyond his or her eighteenth birthday. *This extension of jurisdiction beyond age eighteen results in a classification which discriminates between adults. We are not persuaded that this is a legitimate classification sufficient to meet constitutional standards.* We, therefore, hold that the jurisdiction of juvenile court and the power of the Department of Corrections under a juvenile commitment terminates when a person reaches eighteen years of age. The provisions of A.R.S. § 8–246 providing for retention of jurisdiction beyond age eighteen are unconstitutional and therefore null and void." (citation to Supreme Court decision.)

2. Arizona Const. Art. 6, § 15

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall be as provided by law."

3. *In Re Herrera*, 23 Cal.2d 206, 143 P.2d 345 (1943); *Chatwin v. Terry*, 107 Utah 340, 153 P.2d 941 (1944); *McPherson v. Day*, 162 Iowa 251, 144 N.W. 4 (1913); *Johnson v. Morris*, 87 Wash.2d 922, 557 P.2d 1299 (1976); *Also see Valley National Bank of Phoenix v. Glover*, 62 Ariz. 538, 159 P.2d 292 (1945). In *In re Herrera, overruled on other grounds*, the California

the court apparently saw it, was the fact that A.R.S. § 8–201(3) defined "adult" as a person 18 years of age or over, while A.R.S. § 8–202(D) and § 8–246 sought to continue the power of juvenile court beyond a person's eighteenth birthday:

We submit that the last sentence of Article 6, § 15 means that once the juvenile court has acquired proper jurisdiction over persons under the age of 18, it may continue control over these persons as provided by law; which means *as provided by the legislature.* This decision, in our opinion, casts a long shadow over the recognized right of the legislature to fix and change the age of majority. Previous Arizona decisions that have touched on the scope of Article 6, § 15 impliedly found no fault with the juvenile court's continuing control as long as the juvenile court properly acquired jurisdiction in the first instance. *See McBeth v. Rose,* 111 Ariz. 399, 531 P.2d 156 (1975). *Cf. also Hoover v. Department of Corrections,* 109 Ariz. 485, 512 P.2d 594 (1973). This Court has heretofore expressly stated that:

".  .  . the clear import of the legislative enactments in Title 8 dealing with the extension of jurisdiction over a juvenile beyond his [18th] birthday up to the age of [21] unless sooner terminated by law or order of the court is that the juvenile still remains under the jurisdiction of the juvenile court and is subject to and protected by the same considerations as though he were under eighteen." *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–85871,* 120 Ariz. 154, 156, 584 P.2d 618, 620 (App. 1978).

In 1972, when the legislature lowered the age of majority from 21 to 18, and redefined *adult* under A.R.S. § 8–201(3) as a person 18 years of age or older, and a child under A.R.S. § 8–201(5) as an individual who is under the age of eighteen years, (Laws 1972, Ch. 146, § 10), A.R.S. §§ 8–202 and 8–246 were left unscathed. Then, in 1973 the legislature amended A.R.S. § 8–246 by substituting the words "such child" for the word "he" preceding the words "becomes 21 years of age" in subsection A, and substituted the words " 'twenty-first birthday' and 'age of twenty-one years' " for the word "majority" in subsection B. (Laws 1973, Ch. 162, § 1). No other changes were made.

History tells us, and courts have unanimously approved the proposition, that the legislature may prescribe longer periods of minority for some purposes than for others. *Chatwin v. Terry.* As pointed out by our State Supreme Court in *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975): "We have held that majority or minority is a status rather than a fixed or vested right and that the legislature has full power to fix and change the age of majority." (citations omitted.) [4]

Obviously, the Arizona legislature had concluded that children as a class should be subject to indefinite periods of confinement not to extend beyond their 21st birthday, in order to insure sufficient time to accord the child sufficient treatment of the type required for his effective rehabilitation.[5] The

Supreme Court determined that there was nothing unreasonable in fixing the age of 23 (the age of majority being 21) as a line of demarcation for treatment of youthful offenders by the Youth Authority and that the legislature was free to exercise its judgment in fixing age limits of minority for particular purposes.

4. It is interesting to note another observation in *Stanley v. Stanley:*
"The reduction in the age of majority was a comprehensive piece of legislation which amended no fewer than ninety sections of the Arizona Revised Statutes. Chapter 146, Laws of 1972. In two instances the legislature expressly preserved the minority status for some members of the class until age 21,

but these are unrelated to child support." *See* Chapter 146 §§ 88, 89, Laws of 1972.

5. The California Legislature went even farther:
"§ 602. Minors violating laws defining crime; minors failing to obey court order
Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime * * * other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

**230**

statute was designed to impart to the juvenile court system the flexibility needed to deal with youthful offenders. Other obvious purposes, we submit, were to allow juvenile treatment for a youth approaching his eighteenth birthday, but upon whom the juvenile court did not wish to place the stigma of criminal prosecution; and, further, to permit continuing jurisdiction for the purpose of enforcing restitution to a victim or the state.

We are familiar with judicial decisions reflecting disillusionment concerning the practical administration of the rehabilitative ideal, and condemning the system of determinate sentences for adults and indeterminate sentences for juveniles. We are also familiar with the burgeoning literature of criticism of the entire juvenile court system in this country. But, while we must accept as true much of the dismal picture painted in *Gault* as to the abuses of juvenile procedures, we do not feel the solution is susceptible to judicial fiat.

The involuntary commitment of a human being, whether called "civil" or "criminal", "rehabilitative" or "penal"—is an action which society must scrutinize with utmost care. This action, we submit, should be accomplished by the legislature which is far better designed and equipped to cope with such problems than the courts.

We endorse the observations of the California Court of Appeals in *In re Isaac*, 93 Cal.App.3d 917, 919, 156 Cal.Rptr. 123, 125 (1979), which was rendered after *Olivas*, and which reflects the "shell game" played by the California courts as to Youth Authority commitments:

(Amended by Stats.1972, c. 84, p. 109, § 1, urgency, eff. May 19, 1972; Stats.1976, c. 1071, p. 4819, § 12.)
"§ 607. Retention of jurisdiction
(a) The court may retain jurisdiction over any person who is found to be a ward or dependent child of the juvenile court until such ward or dependent child attains the age of 21 years, except as provided in subdivision (b).

"*In Alex T. v. Superior Court* (1977) 72 Cal.App.3d 24, 30, 140 Cal.Rptr. 17, we warned against taking 'bits and pieces from the Penal Code' and engrafting them onto the Juvenile Court Law. The result is liable to be misshapen at best, unworkable at worst. The fallacy rests, we submit, on confusion between due process and equal protection. *Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 and its spawn did not hold, as so many of these cases seem to suggest, that what's sauce for the goose is necessarily sauce for the gosling, even if the sauce is not constitutionally compelled."

As to the matter before us, however, the judgment of the juvenile court is affirmed; but the term of commitment imposed upon appellant may not extend beyond his eighteenth birthday.

OGG, C. J., concurs.

McFATE, Judge.

I concur in the result.
NOTE: The Honorable YALE McFATE, Maricopa County Superior Court Judge (retired), was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to A.R.S.Const. Art. VI, § 20 and A.R.S. § 38–803.

(b) The court may retain jurisdiction over any person who is found to be a person described in Section 602 of this code by reason of the violation, when he was 16 years of age or older, of any of the offenses listed in subdivision (b) of Section 707 until such person attains the age of 23 years if the person was committed to the Youth Authority."
(Amended by Stats.1976, c. 1068, p. 4782, § 22; Stats.1976, c. 1071, p. 4819, § 13.)