680 P.2d 1271
**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JS–4997.**

**No. 1 CA–JUV 211.**

Court of Appeals of Arizona, Division 1, Department D.

April 19, 1984.

Review Denied May 22, 1984.

---

Atmore L. Baggot, Phoenix, for appellant.

Hill & Savoy by John E. Savoy, Phoenix, for appellees.

## OPINION

MEYERSON, Judge.

The natural father of two minor children brings this appeal challenging the termination and severance of his parental rights. Appellant raises two issues. First, he contends that the juvenile court lacked subject matter jurisdiction to conduct the severance hearing because there was no adjudication that the children were "dependent, neglected, incorrigible or delinquent." Second, appellant argues that there was insufficient evidence to establish intentional conduct to evidence his intent to forego his parental rights. '

For his first argument, appellant relies on *Caruso v. Superior Court*, 100 Ariz. 167, 412 P.2d 463 (1966) and *Silver v. Rose*, 135 Ariz. 339, 661 P.2d 189 (App.1982). In *Caruso*, the court held that the juvenile court would have no authority to make an order regarding the commitment, custody and care of a child until it first "determines that the child is dependent, neglected, incorrigible or delinquent." 100 Ariz. at 172, 412 P.2d at 466. The basis of the holding in *Caruso* was that the statute granting

jurisdiction to the juvenile court required the foregoing determination. *See id.*, 412 P.2d at 466. Nothing in the opinion suggests that the legislature is powerless to expand that jurisdiction.

At the time of the *Caruso* decision, the only statute granting jurisdiction to the juvenile court was the former A.R.S. § 8–202.A. (1956) it provided:

> The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting neglected, dependent, incorrigible or delinquent children, or children accused of crime under the age of eighteen years, and when exercising that jurisdiction shall be known as the juvenile court.

Exclusive jurisdiction over "all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children" is also granted to the superior court by virtue of a substantially identical section of the Arizona Constitution. Art. 6, § 15. The constitution also provides, however, that the "superior court shall have jurisdiction of ... [s]pecial cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law." Art. 6, § 14.

In 1970, several years following *Caruso*, the legislature added a statutory procedure for the termination of the parent-child relationship. A.R.S. §§ 8–531–542 (1974 & Supp.1983). The legislature expressly granted the juvenile court exclusive jurisdiction over petitions to terminate the parent-child relationship.

> The juvenile court shall have exclusive original jurisdiction over petitions to terminate the parent-child relationship when the child involved is present in the state.

A.R.S. § 8–532.A.[1] Abandonment was expressly established as a ground for termination. A.R.S. § 8–533.B.1.

 The legislature has the power to expand the jurisdiction of the superior court unless a limitation appears within the

---

**1.** At the same time, the legislature deleted the portion of A.R.S. § 8–202.A. which limited the juvenile court's jurisdiction to matters pertaining to "dependent, neglected, incorrigible or de-

linquent children." This section was amended to read: "The juvenile court has exclusive original jurisdiction over all proceedings brought under the authority of this chapter."

constitution. *Davis v. Brittain,* 89 Ariz. 89, 96, 358 P.2d 322, 326–27 (1960). We find nothing in the constitution which would prevent the legislature from granting the juvenile court jurisdiction over termination proceedings. Thus, *Caruso* must be viewed in light of the statutory authority existing at that time. Because the legislature has subsequently granted the juvenile court the power and jurisdiction to hear termination proceedings *Caruso* is no longer controlling.

■ To the extent that this court's decision in *Silver v. Rose* is contrary to the result which we reach, we respectfully refuse to apply it as precedent.[2] Based upon the constitutional provisions discussed above, it is our opinion that Art. 6, § 15 of the Arizona Constitution merely precludes the legislature from vesting jurisdiction in matters affecting neglected, dependent, incorrigible or delinquent children in courts other than the superior court. This constitutional provision does not preclude the legislature from giving jurisdiction to the superior court relating to other matters affecting children.

■ Next, appellant argues that the evidence is insufficient to establish an intentional conduct on his part to forego parental duties and parental claims to his children. The trial judge found by clear and convincing evidence that appellant failed to pay child support since 1975, that he has not seen or talked to his children since 1976 nor has he sent any cards, letters or gifts. The trial judge's findings are sufficient to support his order of termination.

The present case is unlike *Appeal in Maricopa County, Juvenile Action No. JS–3594,* 133 Ariz. 582, 653 P.2d 39 (App. 1982) in which the natural father had made numerous attempts to contact his children by phone and regularly sent them gifts and cards. We do not find the juvenile court's findings to be clearly erroneous. *Appeal*

*in Pima County, Juvenile Action S–1147,* 135 Ariz. 184, 659 P.2d 1329 (App.1983).

Therefore, the order terminating parental rights is affirmed.

HAIRE, P.J., and OGG, J., concur.

---

**2.** In *Silver v. Rose,* the court stated:
 We hold ... that unless the court finds the children to be 'dependent, neglected, incorrigible or delinquent,' subject matter jurisdic-

tion over them is not established in the juvenile court.
135 Ariz. at 341, 661 P.2d at 191.