[Civ. No. 8900.   Third Dist.   Jan. 24, 1957.]

In re BUDDY KAPELIS et al., Minors.   JOHN C. CAVE et al., Respondents, v. HARRY SOCRATES KAPELIS, Appellant.

William H. McPherson for Appellant.

Dobbins & Weir for Respondents.

PEEK, J.—Appellant, the father of the three minor children involved in this proceeding, appeals from an order finding said children to be free from parental custody and control. (Welf. & Inst. Code, § 701.) The children's mother did not appear in the juvenile court, nor does she appear in this appeal.

The facts show that on May 24, 1952, the father, following a plea of guilty of a violation of section 288a of the Penal Code, was sentenced to San Quentin Penitentiary, and three other counts in the information were dismissed. On May 16, 1952, pursuant to an order of the juvenile court, the children were placed in the care and custody of the petitioners here, John C. and Mildred Cave, husband and wife. The petitioners testified that since April, 1952, they had received no communication from either the father or the mother of the children, nor had the children's parents in any other way sought to contact them.

It is appellant's contention that certain letters sent by himself to his father wherein he inquired concerning the children, and his attempt to arrange to have the children visit him while he was in the state prison at Tracy, were ample evidence of the making of every possible effort to communicate with and visit his children, and hence the contrary findings of the trial court are not sustained by the evidence. Even assuming that the appellant is correct in this regard, he is still confronted with his admitted violation of section 288a, the dismissal of four other counts, all involving similar offenses with the same 15-year-old girl, the resulting loss of his civil rights and the serving of a penitentiary sentence therefor. These facts amply support the finding of the trial court that appellant was a person within the meaning of subsection (d) of section 701, Welfare and Institutions Code.

Appellant finally contends that the court also erred in admitting evidence of various prior misdemeanors. Even if we were to assume that the court erred in this regard, although it should be noted that the evidence went in without objection by counsel, nevertheless such action by the trial court could not be such error as would warrant a reversal of the order in view of the admitted felony conviction and the facts surrounding the same.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.