613 P.2d 304

**In the Matter of JUVENILE NO. J–2255.**

**Ami F. SOMMERFIELD and Roberta J. Sommerfield, husband and wife, Plaintiffs-Appellees,**

v.

**Lonnie MORRIS, Defendant-Appellant.**

**No. 1 CA–CIV 4503.**

Court of Appeals of Arizona, Division 1, Department C.

April 24, 1980.

Rehearing Denied May 29, 1980.

Review Denied July 1, 1980.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Richard J. Woods, Phoenix, for appellant.

Tupper, Schlosser & Schulz, P. A., by Reed P. Schulz, Phoenix, for appellees.

## OPINION

OGG, Chief Judge.

This appeal challenges the sufficiency of the evidence to support an order and judgment terminating appellant's parent-child relationship with his daughter.[1] Because we find the evidence was sufficient, we affirm the order and judgment.

Appellant is the child's natural father. Appellees are her natural mother and stepfather, respectively. The child is legitimate.

Appellees initiated two petitions to terminate appellant's relationship with his daughter. The first, alleging an abandonment as grounds for termination, was denied. *See generally* A.R.S. § 8–533(1) (1974). This denial specifically permitted appellees to re-petition to terminate on the grounds of appellant's felony convictions. *See generally* A.R.S. § 8–533(4) (1974). The second, alleging the felony convictions as grounds for termination, was granted.

The evidence supporting the order and judgment is as follows:[a] in November 1967, appellant was convicted for molesting a 12-year-old girl, who was the daughter of the woman with whom he had been living at the time. In 1969, when appellee Roberta J. Sommerfield married him, she knew he was on probation for this conviction, but

---

1. Although the juvenile court has exclusive original jurisdiction over petitions to terminate the parent-child relationship, A.R.S. § 8–532, in this appeal the parties have followed the Rules of Civil Appellate Procedure, 17A A.R.S., not the Rules of Procedure for the Juvenile Court. *See* Arizona Appellate Handbook § 6.1 (Supp. 1979) (citing *In re the Appeal in Pima County, Adoption of B–6355 and H–533*, 118 Ariz. 111, 575 P.2d 310 (1978)).

she believed his explanation that he was falsely accused. At that time, she had custody of her two minor daughters by her former husband.

In 1973, when their daughter was 1½ years old, appellee Roberta J. Sommerfield discovered appellant had molested his stepdaughters. She reported the offenses, he was arrested and prosecuted, and ultimately he pled guilty to one count of child molestation. In May 1973, he was sentenced to the Arizona State Prison for four to ten years.

In June 1976, appellant was released from prison with permission to return to his native state, Arkansas, for parole supervision. Since his return, his parole status has been good, he has held a steady job, and he has remarried. He has never been treated for his deviant sexual behavior.

Since his arrest in 1973, because of appellees' objections, appellant has had no contact with his daughter. When the parents divorced in 1974, the decree reserved for future resolution appellant's support obligations and visitation rights. Appellant never initiated proceedings to define his duties or establish his rights. The appellee Ami Sommerfield has known the child since 1973. The child regards him as her father. He intends to adopt her.[2]

In 1977, when appellees petitioned to terminate, A.R.S. § 8–533(4), the subsection applicable to felony convictions, provided for termination of the parent-child relationship under the following conditions:

[T]he parent is deprived of his civil liberties due to the conviction of a felony if the felony of which such parent was convicted is of such nature as to prove the unfitness of such parent to have future custody and control of the child, or if the sentence of such parent is of such length that the child will be deprived of a normal home for a period of years.

A.R.S. § 8–533(4) (1974).

We have not discovered any Arizona authority interpreting this subsection.

Our analysis, therefore, is of first impression. Two general rules, however, govern our review. First, the juvenile court's order and judgment must be based upon a preponderance of the evidence. See A.R.S. § 8–537(B). Second, we must accept the juvenile court's findings unless they are clearly erroneous. See In re Appeal in Maricopa County, Juvenile Action No. JS–378, 21 Ariz.App. 202, 517 P.2d 1095 (1974).

To satisfy A.R.S. § 8–533(4), in all cases the parent must be deprived of his civil liberties because of a felony conviction. In addition, one of the two specified conditions must obtain: *either* the felony committed proves the parent is unfit to have future custody and control of the child, *or* the length of the sentence imposed will deprive the child of a normal home for a period of years.

Appellant concedes that he has been deprived of his civil liberties because of his felony conviction. Furthermore, because he was released from prison before appellees sought termination, the second of the alternative conditions is inapplicable. The order and judgment terminating appellant's relationship with his daughter, therefore, depend on satisfaction of the first of the alternative conditions.

Appellant's first contention is that a felony conviction proves the parent's unfitness only if the victim of the felony is the child. See The Arizona Supreme Court, 1970–71, Public and Family Law, Adoption, *Do Bad Checks Make A Mother Unfit?*, 13 Arizona Law Rev. 317, 327 (1971). We disagree. The statute requires the felony to be of a nature to prove unfitness. A felony proves unfitness if its commission permits a rational inference of unfitness. It would be difficult to identify any felony violation that would more clearly indicate the unfitness of the appellant as a parent to his young daughter. We agree with the juvenile court that the appellant's prior convic-

---

**2.** In the answering brief, appellees affirm that the stepfather petitioned for adoption and that the petition was granted by an order dated June 21, 1978. This order is not of record in this appeal. We, therefore, do not consider it in determining the validity of the June 2, 1978 termination order and judgment. See *West v. Baker*, 109 Ariz. 415, 510 P.2d 731 (1973).

tions for molesting young girls provided a rational inference of his unfitness as a parent.

Appellant's second contention is that the parent's fitness is to be tested as of the time of the hearing. On this analysis, to satisfy their production burden, appellees had to supplement the evidence as to appellant's felony convictions with evidence of his present unfitness. We disagree. Although the statute requires unfitness to have *future* custody and control of the child, it is the *nature* of the felony that must prove this unfitness. Appellees, therefore, satisfied their burden by producing evidence of felony convictions of that nature. The juvenile court could properly conclude that these felonious acts of child molestation are of a nature to prove appellant's unfitness to have future custody and control of the child.

The statute requires the juvenile court to assess the parent's future fitness on the basis of a past act. Because termination of their relationship is vitally important to both parent and child, see Laws 1970, Ch. 153, § 1, and the parent's rights are constitutionally protected, see *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978), and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), we believe the parent may rebut the assessment of unfitness based on a past act by showing actual fitness at the time of the hearing.

At the hearings, the juvenile court permitted appellant to testify as to his present condition. Although appellant has complied with parole conditions, has held a steady job, and has remarried, he has not attempted to seek treatment for the underlying behavioral abnormality. The juvenile court did not err in concluding that appellant had failed to rebut the assessment of unfitness to have future custody and control of the child.

Appellant's final contention is that termination is inappropriate because in this case the natural parent who has custody and control of the child is attempting to prevent the other natural parent from visiting the child. Because visitation rights were reserved in the divorce decree, he argues that the superior court has jurisdiction to determine appellant's visitation rights. We disagree. Different considerations apply in divorce child custody cases than in termination of parental rights cases. If A.R.S. § 8–533(4) is satisfied and a termination order and judgment is entered, appellant obviously also loses his right to visit the child.

For the foregoing reasons, the order and judgment are affirmed.

CONTRERAS, P. J., Department C, and JACOBSON, J., concur.