643 P.2d 736

**In the Matter of the Appeal in PIMA COUNTY, JUVENILE ACTION NOS. S–826 AND J–59015.**

**Nos. 2 CA–CIV 4073, 2 CA–CIV 4080.**

Court of Appeals of Arizona, Division 2.

Feb. 26, 1982.

Review Denied March 30, 1982.

**34**

Dee Dee Samet, Tucson, for appellant.

Robert K. Corbin, Atty. Gen. by John R. Evans, Asst. Atty. Gen., Tucson, for appellee.

OPINION

HATHAWAY, Judge.

The natural father has brought this appeal to challenge an order of the juvenile court terminating his parental relationship with his son on the grounds that (1) he had neglected the child, (2) his felony conviction was of such a nature as to make him an unfit parent, (3) the length of his sentence would deprive the child of a normal childhood and (4) abandonment. We believe the court had sufficient evidence before it to conclude that the termination was justified on the third ground listed above and we affirm.

The father's sole argument on appeal is that his situation does not fall within A.R.S. § 8–533(B)(4) and that the juvenile court's finding that he was convicted of a felony that shows he is unfit to have future care, custody and control of a child does not apply to him. The child involved was allegedly conceived in the exercise yard of the Arizona State Prison in Florence, Arizona. The father was in prison, having been convicted by a jury for rape and sodomy of a nine-year-old child, and was sentenced to 20 years to life in prison. It is the father's position that his parental rights should not be terminated on this ground because the child was born after he committed the crime.

A.R.S. § 8–533(B)(4) was interpreted by Division One of this court in *In the Matter of Juvenile No. J–2255*, 126 Ariz. 144, 613 P.2d 304 (App.1980). The statute requires a felony conviction and that either the felony committed proves the parent is unfit to have future custody and control of the child or the length of sentence imposed is such that the child would be deprived of a normal home for a period of years. A felony proves unfitness if its commission permits a rational inference of unfitness. *In the Matter of Juvenile No. J–2255*, supra. The father does not dispute that his conviction of rape and sodomy, with a prior conviction for child abuse, supports a rational inference of unfitness. Rather, he alleges that he must have been a parent at

the time of the commission of the crime. However, the court in *J–2255* stated that it is the nature of the felony that proves the unfitness and that it is obviously the legislative intent that the commission of certain crimes makes a person unfit to be a parent. Crimes such as child molestation, as in *J–2255*, rape, as in *In the Matter of Kapelis*, 147 Cal.App.2d 801, 305 P.2d 968 (1957), rape and armed robbery, as in *Ornstead v. Kleba*, 37 Ill.App.3d 163, 345 N.E.2d 714 (1976), and the murder of one's own child, as in *In re Michele*, 64 Cal.App.3d 818, 135 Cal.Rptr. 17 (1976), are crimes that have been found to support a rational inference of parental unfitness. It is not relevant that the child in question was not born at the time of the crime. The person becomes unfit under A.R.S. § 8–533(B)(4) because of the commission of the crime regardless of whether he is a parent at that time. The proof of the conviction creates a rebuttable presumption that the father is unfit to parent children. *See In the Matter of Juvenile No. J–2255*, supra. That presumption, in light of the lack of evidence by the father showing he was receiving therapy for his deviant sexual behavior, supports the disposition of the juvenile court. Its findings, unless clearly erroneous, are to be supported by the appellate court. In the *Matter of Appeal in Maricopa County, Juvenile Action No. JS–378*, 21 Ariz.App. 202, 517 P.2d 1095 (1974).

The order terminating the father's parental rights is hereby affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.