659 P.2d 1329

In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. S–1147.

No. 2 CA–CIV 4523.

Court of Appeals of Arizona, Division 2.

Jan. 3, 1983.

Review Denied Feb. 16, 1983.

Diana S. Campbell, Tucson, for appellant.

Allan W. Duprey, Tucson, for appellee.

**OPINION**

PER CURIAM.

This appeal challenges the sufficiency of the evidence to support an order and judgment terminating appellant's parent/child relationship with his two children. Because we find the evidence was sufficient, we affirm.

Appellant is the children's natural father. Appellee, the natural mother, initiated the proceedings to terminate appellant's relationship with his children. After a hearing, the juvenile court found two grounds under A.R.S. § 8–533 supported the termination: (1) That the appellant was deprived of civil liberties due to the conviction of a felony (second-degree murder) as the felony was of such a nature as to prove his unfitness to have future custody and control of the children, and (2) the sentence (a life sentence in federal prison) was of such a length that the children will be deprived of a normal home for a period of years.

Two rules govern our review. First, the juvenile court's order and judgment must be based on clear and convincing evidence. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Second, this court must accept the juvenile court's findings unless they are clearly erroneous. *In the Matter of Juvenile No. J–2255,* 126 Ariz. 144, 613 P.2d 304 (App.1980).

Appellant argues that second-degree murder is not a felony of such nature as to prove his unfitness, nor is the life sentence of such a length that the children will be deprived of a normal home for a long period. At the hearing, a certified copy of a federal court docket sheet was admitted into evidence. It showed that appellant was convicted of second-degree murder, with another count of second-degree murder dismissed pursuant to a plea agreement,

and that on July 8, 1976, appellant was sentenced to life in prison. The document also shows that a subsequent motion to reduce sentence was denied in November 1976. The mother testified at the hearing that it was her understanding that the appellant, who was already divorced from her at the time of the hearing, *might* be eligible for parole in 1986. Appellant was not present at the hearing but his counsel did not present any evidence to the court which would support a finding that appellant's life sentence would be anything less than that.[1]

Therefore, the juvenile court's finding that appellant's sentence was of such a length to deprive the children of a normal home for a period of years under A.R.S. § 8–533(B)(4) was supported by the evidence and we cannot say that such finding was clearly erroneous. Since we have determined that a sufficient ground was shown under A.R.S. § 8–533(B)(4), we need not address appellant's remaining contention.

Affirmed.

---

1. Appellee has cited this court's case of *In the Matter of the Appeal in Pima County Juvenile Action Nos. S–868 and J–59015,* 132 Ariz. 33, 643 P.2d 736 (1982), to support his contention. This case is inapposite since it contains a clerical error. We obviously justified the termination on the second ground (the nature of the felony conviction) and not the third ground (the length of sentence.)