NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JERED W., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.W., *Appellees.*

No. 1 CA-JV 17-0331
FILED 1-30-2018

Appeal from the Superior Court in Mohave County
No. S8015JD201500057
The Honorable Richard Weiss, Judge

**AFFIRMED**

COUNSEL

Law Offices of Heather C. Wellborn, P.C., Lake Havasu City
By Heather C. Wellborn
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Jered W. ("Father") appeals the juvenile court's order terminating his parental rights to his child, M.W.[1]  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶2        In July 2015, Father was arrested and charged with molestation of a child, a class 2 felony.  The victim was a 10-year-old girl who was sleeping over at Father's house with M.W.  The Department of Child Safety ("DCS") took custody of M.W., placed her with the child's maternal grandparents, and initiated a dependency action.  The juvenile court found the child dependent as to Father in December 2015.

¶3        Meanwhile, Father pleaded guilty to attempted molestation of a child, a class 3 felony and dangerous crime against children, by attempting to engage in sexual contact with the victim through touching the victim's genitals with his hand.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1410. The trial court suspended the imposition of a sentence and placed Father on ten years' supervised probation.  As conditions of his probation, Father must register as a sex offender and is prohibited from having contact with any child under the age of eighteen, including his own, without prior approval.

---

[1]       The juvenile court also terminated mother's parental rights to M.W.; however, she is not a party to this appeal and, accordingly, our recitation of the facts and analysis of the issues are limited to Father.

[2]       We view the record in the light most favorable to sustaining the juvenile court's order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

**¶4**            DCS filed its motion to terminate Father's parental rights after the court changed Father's case plan to severance and adoption. The termination motion was based on grounds of neglect, the nature of Father's felony conviction, and nine-months out-of-home placement. A.R.S. § 8-533(B)(2), (4), and (8)(a).

**¶5**            In May 2017, the juvenile court held a contested severance hearing. Along with the DCS case manager's testimony, the State presented evidence of Father's felony conviction and his probation conditions, which the court found sufficient to support severance under A.R.S. § 8-533(B)(4). The court also found that termination of Father's parental rights was in the child's best interest.

**¶6**            Father timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 8-235(A), 12-2101(A), and 12-120.21(A).

## ANALYSIS

### I.    *Statutory Ground for Termination*

**¶7**            Father argues there was insufficient evidence to support termination of his parental rights under the felony-nature ground. A court may sever a parent's rights to his or her child if it finds by clear and convincing evidence one of the statutory grounds for severance in A.R.S. § 8-533, and by a preponderance of the evidence that severance is in the child's best interest. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 281-82, 288, ¶¶ 7, 41 (2005). We review an order terminating parental rights for an abuse of discretion and will affirm if the order is supported by sufficient evidence in the record. *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013).

**¶8**            Termination of parental rights under A.R.S. § 8-533(B)(4) requires clear and convincing proof that a "parent is deprived of civil liberties due to the conviction of a felony . . . ." This section further requires that one of two specified conditions be satisfied in addition to a deprivation of civil liberties: either (1) "the felony of which that parent was convicted is of such a nature as to prove the unfitness of that parent to have future custody and control of the child," *or* (2) "the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years." A.R.S. § 8-533(B)(4); *see also In re Juv. No. J-2255*, 126 Ariz. 144, 146 (App. 1980).

**¶9** As to the first condition, "[a] felony proves unfitness if its commission permits a rational inference of unfitness." *Juv. No. J-2255*, 126 Ariz. at 146. We noted in *Juv. No. J-2255* that the language of this provision "requires the juvenile court to assess the parent's future fitness on the basis of a past act," and held that proof of a conviction for molestation of a child was sufficient to establish unfitness. *Id.* at 146-47. A parent, however, may rebut this assessment by "showing actual fitness at the time of the hearing." *Id.* at 147.

**¶10** There is no dispute that Father is deprived of his civil liberties due to a felony conviction. Rather, Father contends that the terms, conditions, and duration of his probation, *see supra* ¶ 3, were used as the legal basis for terminating his parental rights. We disagree. Father was convicted of a dangerous crime against children. The very nature of Father's felony conviction gives rise to a rational inference that he is unfit to have custody and control of the child in the future. Father's conviction, not his resulting sentence, provides the legal basis for severance under A.R.S. § 8-533(B)(4).

**¶11** Father, however, did not rebut this presumption. Father presented evidence that he completed some DCS-required services, was financially capable of providing for the child, and maintained a strong relationship with the child. Nevertheless, Father did not participate in his required mental health services. Furthermore, at the time of the hearing, Father remained subject to the probation conditions preventing him from having contact with any child, leaving him unfit to have custody or control of the child. On this record, there was sufficient evidence to terminate Father's parental rights under A.R.S. § 8-533(B)(4).[3]

---

[3] Father also argues that the juvenile court erred by failing to "consider[] other avenues that could be taken pending [Father's] probation period" before terminating his parental rights, such as a guardianship. Father did not file a motion for guardianship before the juvenile court. *See* A.R.S. § 8-872. To the extent Father's argument is not waived, because he provides no legal basis or supporting authority demonstrating that the court had an obligation to "consider other avenues," we reject his argument. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 348, ¶ 11 (App. 2013) (noting we may reject an argument based on lack of proper and meaningful argument alone); ARCAP 13(a)(7) (requiring an opening brief to set forth an argument that includes citations to legal authorities); Ariz. R.P. Juv. Ct. 106(A).

*II.    Best Interest*

**¶12**        Father next argues the juvenile court erred in finding that termination was in the child's best interest and asks this court to reweigh evidence from the termination hearing.  But we do not reweigh evidence on appeal; we look only to "determine if there is evidence to sustain the court's ruling."  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶13**        Here, the juvenile court heard testimony that the child is adoptable, wanted to be adopted, and was placed with her maternal grandparents, who were meeting the child's needs.  The grandparents had previously adopted the child's half-sibling, who she is "very attached to," and the grandparents wished to adopt the child.  This evidence is sufficient to uphold the juvenile court's finding.  *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 20 (App. 2014) (holding termination is in the child's best interest if the child will benefit from the termination or will be harmed if the relationship continues); *see also Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3-4, ¶ 12 (2016) (holding a court should consider whether the current placement is meeting the child's needs, an adoption plan is in place, and if the child is adoptable when determining whether the child will benefit).  Father has not shown the court abused its discretion in finding severance is in the child's best interest.

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to M.W.

